Jacob Glos and Philip Knopf, County Clerk, etc., v. Evanston and North Cook County Building & Loan Association.

1. Tax Sale—*Bill to Set Aside—By Whom it Will Lie.*—The right to bring a suit for the purpose of setting aside a tax sale, is not confined to the original owner of the land, but may be exercised by a mortgagee, or by any person who can show such an interest in the estate as would have entitled him to redeem.

2. Same—*Constitutional Right of Redemption.*—The constitutional right of redemption from all sales of real estate for the non-payment of taxes exists in favor of owners and persons interested in such real estate.

3. Tender—*For Taxes Must be Kept Good.*—A tender of money in payment of taxes to the holder of a tax deed, by a party filing a bill to redeem, must be kept good by paying the money into court, when its acceptance is refused.

Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded with directions. Opinion filed January 30, 1900.

Statement.—This is an appeal from a decree enjoining the county clerk of Cook county from issuing a tax deed to appellant Glos upon a tax certiffcate.

The premises upon which the tax certificate was issued were purchased by said appellant at a sale for non-payment of an installment of a special assessment, and general taxes for the succeeding year were subsequently paid. More than ninety days preceding the expiration of the period of redemption, Glos caused notice of the date of said expiration to be served upon one Coel, who was occupying the premises, but no notice was served upon appellee, who is the holder of certain mortgages made by said Coel, which are uncanceled of record, the debt thereby secured being still unpaid. It appears that appellee had been informed, before said period of redemption had expired, that the lot had been sold for non-payment of such assessment and had notified Coel. The latter informed appellee's secretary that

652    APPELLATE COURTS OF ILLINOIS.

VOL. 86.] Glos v. Evanston & North Cook County B. & L. Ass'n.

the assessment had in fact been paid, that the sale was therefore a mistake, and that he, Coel, would see that the correction was made. Appellee seems to have relied on Coel's statement, and did not discover until after the expiration of the period of redemption the true condition of affairs. Efforts to purchase Glos' interest were made without result, the latter demanding a price which appellee considers extortionate.

A motion was made by appellant in the trial court to dissolve the preliminary injunction and denied. A general demurrer to the bill was also overruled, and appellant electing to stand by his demurrer, a decree was entered granting a perpetual injunction against the issue of a tax deed under the certificate of sale in controversy. This decree further finds that upon payment by appellee to appellant of the " sum of twenty-six dollars and ninety-one cents, being the full sum to which said Glos is entitled, the complainant is entitled to the relief as prayed; " and it is recited that the complainant now in open court tenders and offers to said Glos the said sum of $26.91, which said Glos declines to receive and refuses to accept, denying the right of the complainant to redeem said property.

ENOCH J. PRICE, attorney for appellants.

H. H. C. MILLER and W. S. OPPENHEIM, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is conceded by appellant that appellee, as mortgagee, would be entitled to maintain its bill to be allowed to redeem from the tax sale, provided it had been in possession of the property, or if the land had been vacant and unoccupied. But this is not a mere bill to remove a cloud. The right to bring suit for the purpose of setting aside a tax sale is not confined to the original owner of the land, but may be exercised by a mortgagee, or by any person who can show such an interest in the estate as would have entitled

him to redeem.   Miller v. Cook, 135 Ill. 190 (203).   It is said in that case that the constitutional right of redemption from all sales of real estate for the non-payment of taxes exists in favor of owners and persons interested in such real estate.

We can not agree with appellant that the bill upon its face shows no equity.   While it may be that appellant could obtain a valid tax deed as against the owner, notwithstanding the failure to serve the notice required by statute upon the mortgagee, such tax deed would give nevertheless a purely technical as against a meritorious title, at least as against the mortgagee.   See Miller v. Cook, *supra*, on p. 207, and cases there cited.   In the case of Smith v. Neff, 123 Ill. 310 (316), the defense was set up by the owner, upon whom notice as to expiration of time of redemption had been served, that the notice was invalid as to him, because not served also upon a mortgagee, whose debt had subsequently been paid and discharged.   It is there said :

" It is obvious the owners, and whoever may be included within the phrase, ' persons interested in such real estate,' all come within this clause of the Constitution, and shall have the right at any time within two years to redeem any real estate from a sale for taxes or special assessments—a right of which such owners and parties interested can not be deprived by any action or non-action on the part of the legislature.   It is not, however, germane to the present inquiry who may be meant by ' persons interested in such real estate,' as those terms are used in the Constitution, for the reason that no one is here seeking to redeem the real estate involved in this litigation from sale for taxes."

In the case before us, however, that is what is sought to be done, viz., to redeem, by the bill under consideration. The Constitution declares that " the right of redemption from all sales of real estate for the non-payment of taxes * * * shall exist in favor of the owners and persons interested in such real estate for a period of not less than two years from such sales thereof."   The owner in the case at bar was duly served with notice and allowed the time of redemption to expire as to him.   Not so, however, with the mortgagee, upon whom no notice was served.   It is still

entitled, we think, to maintain its right to redemption, a right conferred by the Constitution, and of which it ought not to be deprived, without an opportunity to protect itself upon proper notice.

We are of the opinion, however, that the tender should have been kept good by paying the money into court when its acceptance was refused by appellant. Crain v. McGoon, 86 Ill. 431 (434). The decree will therefore be reversed and remanded, with directions to the Circuit Court to require the tender to be made good by depositing in court, for the use of Glos, the amount found due, with interest thereon from the date of the entry of the decree, and thereupon to enter a decree not inconsistent with this opinion. Reversed and remanded with directions.