## ROBERT SMYTH

*v.*

## PETER NEFF.

*Filed at Mt. Vernon January 20, 1888.*

1. RES JUDICATA—*in the Supreme Court—what may be considered on a second appeal.* Where a case is brought to this court and considered, its judgment as to all the points and questions presented and decided will forever conclude the parties, and if the case is again brought before it for review, such questions can not be reconsidered, and they will not be open for discussion.

2. A second appeal in a case, when the first decision covers the merits of the controversy in all its bearings, brings up only the subsequent proceedings had after the mandate of the court of last resort was sent down.

3. So when this court passes upon a tax deed, and holds that the objections made to it are not sufficient to invalidate it, and that it should have been held good, and the case is again brought before it for review, no objections to the validity of the deed that were before made or might have been made on the record can be entertained. In such case the rule of *stare decisis* must be observed.

4. TAXATION AND TAX TITLES—*right of redemption from tax sale.* Section 5, of article 9, of the constitution of 1870, which declares that "the right of redemption from all sales of real estate for the non-payment of taxes * * * shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof," confers a right upon "persons interested in such real estate," whoever they may be, of which they can not be deprived by any action or non-action on the part of the legislature.

5. SAME—*notice of tax sale and time for redemption—to whom, etc.* The constitutional provision that the "General Assembly shall provide, by law, for reasonable notice to be given to the owners or persons interested, by

publication or otherwise, of the fact of the sale, * * * and when the time of redemption will expire," etc., means that the legislature shall provide, by law, that reasonable notice shall be given to the owner, or to any other person that has a specific or other interest in the property, as shall be deemed proper, in legislative discretion.

6. The General Assembly has provided, by law, for reasonable notice to the owner, but has designated no other persons who may be directly or remotely interested in the property upon whom the notice shall be served. (Sec. 216 of the Revenue law.) The statute must be regarded as meaning precisely the same as if the words, "or parties interested," were omitted.

7. The legislature having failed to designate who are the "persons interested" in land sold for taxes other than the owner or person in possession, or in whose name the land is taxed, the tax purchaser is not required to serve any notice of his purchase upon a person holding a mortgage or other lien upon the land, in order to entitle himself to a tax deed.

APPEAL from the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Mr. JOHN M. LANSDEN, and Mr. ANGUS LEEK, for the appellant:

The affidavits of appellee filed with the county clerk, and upon which his tax deed was issued, were wholly insufficient. They fail to show a sufficient service of the notices. *Price* v. *England,* 109 Ill. 394; *Ball* v. *Shattuck,* 16 id. 299; *Maher* v. *Bull,* 26 id. 348; *Botsford* v. *O'Connor,* 57 id. 72; Cooley on Taxation, 337; *Davis* v. *Gossnell,* 113 Ill. 121; *Wallahan* v. *Ingersoll,* 117 id. 123; *Wisner* v. *Chamberlin,* id. 568; *Gage* v. *Mayer,* id. 632; *Wiley* v. *Autlman,* 53 Wis. 560; *Miller* v. *Railway Co.* 58 id. 310; *Ellsworth* v. *Van Ost,* 67 Iowa, 222.

Michael Hoar, who held a mortgage on lot 12, and who was an owner, and interested at the time of the alleged service, was served with no notice whatever, although a resident of the county. Const. 1870, art. 9, sec. 5.

That a mortgagee is an owner, see Cooley on Taxation, 538; *Alter* v. *Shepherd,* 27 La. Ann. 207; *Oldham* v. *Pfleger,* 84 Ill. 102; *Johnson* v. *Watson,* 87 id. 535.

The tax judgment of May, 1879, under which the lots were sold, was null and void, because it included in the amount for

which it was rendered, a county tax levied in excess of seventy-five cents on the $100. Cooley on Taxation, 295; Burroughs on Taxation, 301; Blackwell on Tax Titles, 192; *Riverside Co.* v. *Howell*, 113 Ill. 256.

The authorities are to the effect that when a part of the tax for which a sale of real estate is made, is illegal, the sale is void. *McLaughlin* v. *Thompson*, 55 Ill. 249; *Gamble* v. *Witty*, 55 Miss. 26; *Kemper* v. *McClelland's Lessee*, 19 Ohio, 308; Cooley on Taxation, 295; *Hardenburgh* v. *Kidd*, 10 Cal. 402.

Messrs. GREEN & GILBERT, for the appellee:

The appellant can not raise the same points decided by this court on the former appeal. Those matters are conclusively settled by the former judgment of this court. *Meserve* v. *Delaney*, 112 Ill. 355; *Reichert* v. *McClure*, 23 id. 517.

Even if the decision was of doubtful propriety, the principle of *stare decisis* should govern. *Meserve* v. *Delaney*, 112 Ill. 355, and authorities above cited.

We think, however, *Neff* v. *Smyth* was correctly decided. It has been cited by this court with approbation, and its principles re-affirmed, in *Warren* v. *Cook*, 116 Ill. 199; *Chambers* v. *People*, 113 id. 528; *People* v. *Reat*, 107 id. 581; *Stamposki* v. *Stanley*, 109 id. 217.

The affidavits showing service of the notices are sufficient. The constitution does not require any affidavit of service. This is a statutory requisition.

It was not essential that Hoar, the mortgagee, should be served at all with notice. The constitution gives a right of redemption to "owners and parties interested," and there authorizes the legislature to "provide, by law, for reasonable notice to be given to the owners or parties interested," etc. The mortgagee was entitled to redeem, but not to notice. It was not intended that both owners and parties interested should be served with notice, but only "owners or parties interested."

There are no additional facts shown in this record which should vary the decision already made in *Neff* v. *Smyth*. *Wisner* v. *Chamberlin*, 117 Ill. 575; *Weckler* v. *Chicago*, 61 id. 148.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case was before this court at a former term, and is reported as *Neff* v. *Smyth*, 111 Ill. 100. A sufficient statement of the facts appears in the opinion of the court then delivered, and no re-statement is now necessary.

It appears from the bill of exceptions in this case, the evidence in the present record is precisely the same as in the former record, except in two particulars: First, there is now some parol testimony concerning the service of the notice as to the expiration of the time of redemption of the lots from the tax sale, not contained in the former record; and second, there was introduced, on the trial, a mortgage, made by defendant, Smyth, to Michael Hoar, on one of the lots involved, that was not contained in the record when the case was before this court on the former hearing. Upon all other questions in the case the evidence is exactly the same, and as to them the former decision is conclusive. Concerning the points considered by the court in its former opinion, the discussion must now be regarded as forever closed, and the decision adverse to the defendant must stand. All those matters are now *res judicata*, and this court has neither rightful authority nor any inclination to reconsider them. The rule on this subject is so well settled it is not necessary to do more than to cite a few of the cases in this court where it is declared: *Rising* v. *Carr*, 70 Ill. 596; *Newberry* v. *Blatchford*, 106 id. 584.

The additional parol testimony found in the present record as to the service of the notice on defendant as to the time of redemption, is a matter of no consequence. It does not change the case in the slightest degree, in that respect, from what it was in the former record. Precisely the same error, if any,

existed in the affidavit itself, and in the proof of service of notice in the former record, as now insisted upon. It does not appear, from the opinion of the court, that any objection was then taken, either to the sufficiency of the affidavit made to procure the deed, or to the proof of service of notice. The objection now urged goes to the validity of the deed, and if the same points were raised by the former argument of the case, they must have been decided adversely to defendant, for the court was of opinion the "objections made against the tax deed were not sufficient to invalidate it, and that it should have been held good." So, in either event, whether objections were taken to the sufficiency of the affidavit made to procure the deed, or as to the proof of service of notice of redemption, such objections can not now be entertained. To permit that to be done would simply be to reconsider the case upon exactly the same record. That is not allowable under any practice that has ever obtained in this State. Should the errors now alleged to exist be held to be well assigned, it would place this court in the absurd position of holding the tax deed good at one term of court, and at a succeeding term holding it bad upon the same identical record. This court will not even enter upon the consideration of a case where such results might follow. In all such cases, the rule *stare decisis* should be observed. It is not necessary to look elsewhere than to decisions of this court for authorities declaring this doctrine. In *Newberry* v. *Blatchford,* 106 Ill. 584, it was ruled, the decision of a court of last resort, having jurisdiction of the parties and the subject matter of the litigation, definitive in its character, comprehending the whole merits of the controversy, under the known rule of law is obligatory upon and conclusive as to the same parties everywhere, in this court as well as in all other courts. This case follows closely other cases in this court, so that the doctrine is now as well settled as is any branch of the law. *Hollowbush* v. *McConnel,* 12 Ill.

203; *Reed* v. *West,* 70 id. 479; *Smith* v. *Brittenham,* 94 id. 624; *Rising* v. *Carr,* 70 id. 596.

The case of *Ogden* v. *Larrabee,* 70 Ill. 510, is an authority exactly in point. On the second appeal in that case the alleged error complained of was admitted to have existed in the first record brought up, but the attention of this court was not called to it, and it was contended it might be considered on the second appeal, because the court had expressed no opinion in regard to it. But the position taken was not sustained, and it was said, to consider the suggestion of error on the second appeal would introduce a pernicious practice not heretofore adopted in this State. The rule has its foundation in reason and the policy of the law, that there must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received a final determination of a court of last resort, to litigate the same matter anew, and bring it again and again before the court for decision.

Another rule equally well settled is, that a second appeal, where the first decision covers the merits of the controversy in all its bearings, brings up only the subsequent proceedings had after the mandate of the court of last resort was sent down. This doctrine is fully declared in the cases *ut supra.* It is seen, the former decision in this case covered the whole merits of the controversy, for it declared the tax deed should "have been held good," and that, of course, would be conclusive as to the rights of the litigants, as the case was then presented. The only thing that occurred after the mandate from this court was sent down, at all affecting the merits of the controversy, was the introduction of the mortgage made by defendant to Michael Hoar, which embraced one of the lots involved, and the effect of that evidence alone remains to be considered. The mortgage was made on the 27th day of June, 1874, to secure a note for $750, due in twelve months, with interest at the rate of ten per cent per annum. It was entered satisfied on the record, by the mortgagee, on the 23d day of

April, 1881. That was after the service of the notices as to the expiration of the time for redemption, but before the time for redemption did in fact expire. The question made is, that notice as to the expiration of the time of redemption should have been given to the mortgagee as well as to the owner. There is no pretense the mortgagee was served with notice by the purchaser at the tax sale, either by himself or by his agent, and it is said the omission to give such notice is fatal to the validity of the tax deed.

It will be seen at once, the question made is important, and one of much seeming difficulty. Section 5, article 9, of the constitution of 1870, declares "the right of redemption from all sales of real estate for the non-payment of taxes   *   *   * shall exist in favor of the owners and persons interested in such real estate, for a period of not less than two years from such sales thereof." It is obvious, the owners, and whoever may be included within the phrase "persons interested in such real estate," all come within this clause of the constitution, and shall have the right, at any time within two years, to redeem any real estate from a sale for taxes or special assessments,—a right of which such owners and parties interested can not be deprived by any action or non-action on the part of the legislature. It is not, however, germane to the present inquiry, who may be meant by "persons interested in such real estate," as those terms are used in the constitution, for the reason no one is here seeking to redeem the real estate involved in this litigation from the sale for taxes.

It is further provided, in the same section of the same article of the constitution, the "General Assembly shall provide, by law, for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of sale of the property for such taxes or special assessments, and when the time of redemption will expire, provided occupants shall in all cases be served with personal notice before the time of redemption expires." Accordingly, the General Assembly has

provided, by law, for what is deemed reasonable notice to owners
of real estate sold for taxes or special assessments.    Section
216 of the act of 1872, entitled "Revenue," (Rev. Stat. 1874,
as amended by the act of 1879, Sess. Laws, 1879, p. 256,)
provides, every purchaser, or assignee of such purchaser, of
any land, or town or city lot, for taxes or special assessments,
shall serve, or cause to be served, a written or printed, or partly
written or partly printed, notice of such purchase, on every
person in actual possession or occupancy of such land or lot;
also, the person in whose name the same was taxed or specially
assessed, if, upon diligent inquiry, he or she can be found in
the county; also, the *owners* of or *parties interested* in said land
or lot, if they can, upon diligent inquiry, be found in the county,
at least three months before the time of redemption expires.
The affidavit filed to procure the tax deed in this case shows
notices were served upon defendant Robert Smyth, who was
alleged to be the owner and in possession of the lots for which
a deed was asked, and the party in whose name the property
was assessed, and upon other persons alleged to be in posses-
sion, in the manner and within the time prescribed by this
section of the statute, which notices contained everything the
law requires shall be stated as to the purchase of such property
for taxes and as to the expiration of the time of redemption.
It will be noticed, the affidavit makes no mention whatever of
Michael Hoar as a party interested in such real estate, as
mortgagee or otherwise.    Conceding, as must be done, as the
case now comes before this court, the affidavit in all other re-
spects is sufficient, the question is squarely made, whether the
omission to give the statutory notice to the mortgagee whose
mortgage appeared on the record unsatisfied or discharged at
the date notices should be served, or to show, by the affidavit
for a deed, such facts as would excuse the giving of such per-
sonal notice, would render the tax deed invalid.    The solution
of the question involves a construction of the statute on this
subject.

The expression, "or parties interested in said land or lots," as used in the statute, is both obscure and indefinite. Exactly what it means is not understood, and who are intended to be included within its meaning is a matter of the merest conjecture. If it were the legislative intention, by its use, that persons that might be interested in the property sold, other than the owner, when he should be served with the notice required by the statute, should also have a like notice, it is to be regretted that intention was not more clearly manifested and more apt words used to designate such persons. Who may be said to be "interested" in real estate sold for taxes or special assessments? Most directly it would be the owner, or the holder of a certificate of purchase at a judicial sale, or any incumbrancer, such as a mortgagee, judgment or attachment creditor, or, more indirectly, mechanics or material-men having liens under the statute, or, still more remotely, in case of infants, or insane or feeble-minded persons, guardians or conservators. It would hardly be contended it was within the legislative intention, by the use of the words in the statute, that every person interested in real estate sold for taxes, directly or remotely, should have personal or constructive notice of the matters contained in this section. But who shall determine who is interested in the real estate sold, in the sense the term is used in the constitution, and who is not so interested? That is evidently the duty of the General Assembly, under the injunction laid upon it by the constitution to provide, by law, for "reasonable notice to be given to owners or parties interested." The present statute on that subject must have a reasonable construction, otherwise it would be incapable of observance. Let us inquire, then, whether a reasonable and fair construction of this expression in the statute makes it imperative, when the owner is himself served with the statutory notice, that other persons interested with him in the same property shall also have the same notice.

It will be noted, the words, "or parties interested," are taken literally from the constitution. As used in that instrument they are appropriate and well selected. It has been seen the right of redemption from sales of real estate for taxes or special assessments was secured absolutely to "owners *and* persons interested in such real estate," for a period of two years. Then follows that provision which enjoins upon the General Assembly the duty to provide, by law, for reasonable notice to "owners or parties interested," as should be deemed best to advise the citizen that his interests in the property sold were about to be cut off. It was a direction to the legislature to provide for reasonable notice to the owner, or to any other person who might appear to be interested in such real estate, as the General Assembly might designate by law. Giving that meaning to the expression, "or persons interested," as used in the constitution, the words are appropriately employed, and no other words could have been better selected to point out the duty of the legislature in that respect. The difficulty is, the General Assembly has provided, by law, for reasonable notice to the owner of property sold for taxes, but has gone no further. No other persons, as a class or as individuals, are designated who shall have the same statutory notice as the owner. As has been seen, the phrase, "or parties interested," might include persons directly or remotely interested, and the number might be very large, and often it would be difficult, even if at all practicable, to ascertain every one that might be interested in the property sold. No doubt what the framers of the constitution meant was, the General Assembly should provide, by law, that reasonable notice should be given to the owner, or to any other person that had a specific or other interest in the property, as should be deemed proper, in legislative discretion. That is its clear meaning, and nothing more. The General Assembly has provided, by law, for reasonable notice to the owner, but has designated no other persons who might be

directly or remotely interested in the property upon whom notice should be served.

It is therefore apparent, when the purchaser at tax sale has given the proper notice to the owner, he has complied with the statutory requirements in that respect, for no other "parties interested" are designated by law, either as a class or as individuals, upon whom he could serve notice. Had mortgagees or judgment creditors, or other persons having a lien on such property, of record, been designated, by name or as a class, such persons could have been readily ascertained by an examination of the public records. But as the statute now is, the purchaser can not know, from any direction given, to whom he is expected to give such notice as the statute requires, other than to the owner. In that respect the statute must be regarded as meaning precisely the same as it would mean if the words, "or parties interested," had been omitted. In this case the owner was served with the statutory notice within apt time, and that is deemed a sufficient compliance with the law in this respect.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MULKEY: I do not concur in this opinion, or the conclusion reached by the majority of the court. I think, when Smyth took a new trial, under the statute, the effect of it was to completely annul the judgment and proceedings in the case, and place the defendant in the same position as if no trial had ever occurred or judgment rendered, and that his rights in this respect are not at all affected by the fact that the former judgment was affirmed by this court.