## JACOB GLOS

*v.*

## THE EVANSTON, ETC. BUILDING AND LOAN ASSOCIATION.

*Opinion filed October 19, 1900.*

1. TAX DEEDS—*purchaser need not notify mortgagee of expiration of redemption.* The purchaser at a tax sale is not, under section 216 of the Revenue act, as amended in 1879, (Laws of 1879, p. 256,) bound to serve notice of the expiration of the time of redemption upon a mortgagee who is not in possession of the premises, and his failure to serve such notice in no way affects his right to take out a deed under the sale. (*Smyth* v. *Neff*, 123 Ill. 310, followed.)

2. INJUNCTION—*mortgagee cannot enjoin issue of tax deed for failure to receive notice.* A mortgagee cannot, after the time for redemption from a tax sale has expired, enjoin the issuing of a tax deed to the purchaser upon the ground that he received no notice of the expiration of the time for redemption; nor is his right in that regard aided by the fact that he relied upon the mortgagor's statement that the premises were sold by mistake and that he would have the sale canceled.

*Glos* v. *Evanston, etc. B. and L. Ass.* 86 Ill. App. 651, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

The appellee filed its bill in the circuit court of Cook county on December 24, 1897, against Jacob Glos and Philip Knopf, county clerk of Cook county, for an injunction restraining Knopf, as county clerk, from issuing, and Glos from obtaining, a deed to lot 11, block 8, North Evanston, Cook county, Illinois. An injunction was issued against Knopf only. A motion to dissolve and a general demurrer filed by Glos were heard together. The court denied the motion, overruled the demurrer and entered a decree making the injunction perpetual. From a reversal of this decree by the Branch Appellate Court, directing appellee to deposit the sum of $26.91 in the

lower court for the use of Glos and then for a decree in favor of the complainant, Glos appeals to this court.

The bill alleges the complainant, a building and loan association, is interested in said premises by virtue of two mortgages executed to it by Emil Coel, the owner thereof,—one mortgage bearing date March 26, 1889, for the sum of $1000, which was recorded in the recorder's office of Cook county on the third day of April, 1889, and on which there remains due $573.15; and one mortgage bearing date June 20, 1891, for the sum of $500, which was recorded in the recorder's office of Cook county on the first day of September, 1891, and on which there remains due $451.88. The bill further alleges that Emil Coel and wife, the mortgagors, are insolvent and unable to pay said indebtedness, and that complainant relies exclusively upon said real estate as security for the payment of said indebtedness. The bill further alleges that on the sixth day of November, 1895, said premises were sold for the non-payment of one of the installments of a special assessment levied against said lot, and that Glos purchased said premises at said sale for the sum of $1.35 and received a certificate therefor; that on the eleventh day of August, 1897, Glos paid the further sum of $22.04 for the general taxes on said premises for the year 1896; that more than ninety days prior to the sixth day of November, 1897, Glos served a notice upon Coel, the owner, who was then in the occupancy of said lot, that he had purchased said lot, and that the time of redemption would expire on the sixth day of November, 1897; that no such notice was given by Glos or any other person to the complainant, although the mortgages given it by Coel had been recorded and were then standing uncanceled of record in the recorder's office of Cook county, and the debts secured thereby were then, and still are, owing and unpaid. The bill further alleges that in the spring of 1897 the complainant was informed that said premises had been sold for the non-payment of said special assessment, and so

notified Coel, who claimed the same had been sold in error and that he would have such sale canceled; that complainant believed he had done so until after November 6, 1897; that Coel offered to pay to Glos whatever sum was owing for said special assessment and subsequent taxes paid by Glos, with penalties and interest, and that the secretary of the complainant offered him the sum of $50 in payment of the amounts of money which had been theretofore paid by him for such special assessment, taxes, penalties and interest, but that he declined to accept the same. The complainant in its bill offers to pay Glos, or his co-defendant, Knopf, said special assessment, with penalties, interest and costs thereon, as well as taxes paid on said lot by Glos since the purchase thereof by him. The bill further alleges that the complainant is informed and believes that unless restrained Glos will make a defective affidavit and file the same with Knopf, and that Knopf, as county clerk, will, on or after January 1, 1898, execute a deed of conveyance of said premises to Glos, who will immediately file the same for record in the office of the recorder of deeds of Cook county; that such tax deed, if valid, will take away and destroy the interest of complainant in said premises and destroy the security of complainant, and leave complainant without any means of obtaining satisfaction of the same; that the property upon foreclosure sale will not bring a sum in excess of $1000.

Enoch J. Price, for appellant.

H. H. C. Miller, and W. S. Oppenheim, for appellee.

Mr. Justice Hand delivered the opinion of the court:

The first contention of appellant is, that appellee, not being in the possession of the premises and the same being occupied and improved, has no standing in a court of equity to file a bill to remove a cloud, or to restrain

appellant from obtaining a title which might become a
cloud, upon its title to the premises in controversy.   If
the object of this bill is to remove a cloud from the title
of appellee, or to restrain appellant from obtaining a
title which might become a cloud thereon, the contention
of appellant is correct. (*Hardin* v. *Jones,* 86 Ill. 313; *Gage*
v. *Abbott,* 99 id. 366; *Wetherell* v. *Eberle,* 123 id. 666; *Johnson*
v. *Huling,* 127 id. 14; *Glos* v. *Randolph,* 133 id. 197; *Hewes* v.
*Glos,* 170 id. 436; *Glos* v. *Goodrich,* 175 id. 20.) On the other
hand, if the bill is based upon the ground of irreparable
injury to appellee by reason of the danger of the loss or
the destruction of its security, and the object of the bill
is to redeem from the sale, and any ground is shown why
the title sought to be obtained by appellant is invalid,
under the authority of *Miller* v. *Cook,* 135 Ill. 190, and *Burton* v. *Perry,* 146 id. 71, the appellee can maintain its bill,
although its only interest is that of mortgagee and the
land is improved and in the possession of another.

It is further contended by appellant that he was not
bound to notify appellee, who was but a mortgagee, of
the expiration of the time of redemption, and that the
failure to give appellee such notice is no valid reason
why appellant should not receive a deed from Knopf, as
county clerk, for the premises in question.   Section 5 of
article 9 of the constitution of 1870 provides: "The General Assembly shall provide by law for reasonable notice
to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of
redemption shall expire: *Provided,* that occupants shall
in all cases be served with personal notice before the
time of redemption expires."   To carry into effect such
constitutional provision the General Assembly has provided by law for what shall be deemed reasonable notice
to owners of real estate sold for taxes or special assessments.   Section 216 of the act of 1872, entitled "Revenue,"
(Rev. Stat. 1874, as amended by the act of 1879; Laws of

1879, p. 256;) provides: "Hereafter no purchaser or assignee of such purchaser, of any land, town or city lot, at any sale of lands, or lots, for taxes or special assessments, due either to the State or county, or incorporated town or city within the same, or at any sale for taxes or levies otherwise [authorized], by the laws of this State, shall be entitled to a deed for lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written or partly printed notice of such purchase, on every person in actual possession or occupancy of such land or lot; also, the person in whose name the same was taxed or specially assessed, if upon diligent inquiry, he or she can be found in the county, also, the owners of or parties interested in said land or lot, if they can, upon diligent inquiry, be found in the county, at least three months before the expiration of the time of redemption on such sale."

The question whether, within the meaning of this statute, a mortgagee is an interested party and entitled to be notified by the purchaser of the expiration of the time of redemption, is not an open question in this court. In the case of *Smyth* v. *Neff*, 123 Ill. 310, we held that a mortgagee, by virtue of this statute, is not entitled to such notice; that the statute must be regarded as meaning the same as though the words "or parties interested" were omitted; that the legislature having failed to designate the "person interested" in lands sold for taxes and special assessments, other than the owners or persons in possession or in whose name the land is taxed or assessed, the purchaser is not required to serve any notice of his purchase upon the person holding a mortgage or other lien upon the land in order to entitle himself to a tax deed. We say on page 320: "It is therefore apparent, when the purchaser at tax sale has given the proper notice to the owner he has complied with the statutory

requirements in that respect, for no other 'parties interested' are designated by law, either as a class or as individuals, upon whom he could serve notice. Had mortgagees or judgment creditors, or other persons having a lien on such property of record, been designated by name or as a class, such persons could have been readily ascertained by an examination of the public records. But as the statute now is, the purchaser cannot know, from any direction given, to whom he is expected to give such notice as the statute requires, other than to the owner. In that respect the statute must be regarded as meaning precisely the same as it would mean if the words 'or parties interested' had been omitted. In this case the owner was served with the statutory notice within apt time, and that is deemed a sufficient compliance with the law in this respect."

It is claimed by appellee that the sale in the case of *Smyth* v. *Neff, supra,* was had under the old statute, which did not provide for notice to the owners or parties interested in the land or lot, and that section 216 of the Revenue law, as amended in 1879, did not apply to such sale and was not properly before the court for construction at the time that case was decided. While it is true such amendment did not go into effect until after the date of the sale, it was in full force and effect and applied to such sale at the time when notice of the expiration of the time of redemption should have been given and a deed made. We held in *Gage* v. *Stewart,* 127 Ill. 207, and in *Smith* v. *Prall,* 133 id. 308, that the act of 1879 was intended to take effect *in presenti* as to all notices served or to be served thereafter, and to apply to all purchasers at tax sales and their assigns, irrespective of when the sale for taxes was made.

It is further claimed by appellee that the case of *Smyth* v. *Neff, supra,* has been modified and partially overruled by *Gonzalia* v. *Bartelsman,* 143 Ill. 634. We do not so understand the case, the point of which is, that notice must

592 GLOS v. EVANSTON BUILDING ASS'N. · . [186 Ill.

be served upon the parties who own the land at the time notice is served, and not those who owned the land at the time of sale. The object of giving the notice, it is said, is to enable those in whose favor the right of redemption is, to exercise that right; but neither the constitution nor the statute contemplates the service of notice upon persons who have ceased to be interested in the land.

Appellee insists that the decree in this case should be sustained on the ground that equity will permit redemption to be made from a judicial or tax sale where the person entitled to redeem has failed to do so by surprise or excusable neglect or has been misled as to the facts. There is no pretense in this case that the appellant, by any act of his, surprised or misled the appellee. If the appellee saw fit to rely upon the statement of Coel that the premises had been sold in error and that he would see that they were redeemed or released, that was a matter between Coel and appellee, and in no way affected the rights of appellant.

We are of the opinion appellant was not bound to serve notice of the expiration of the time of redemption from the sale in question upon appellee, whose only interest in the premises was that of mortgagee, and that the failure to serve such notice in no way affected the right of appellant to take out a deed under such sale; that appellee, having suffered to elapse the two years provided by law in which it had the right to redeem from such sale, and the want of notice being the only ground relied upon in the bill for equitable relief, the demurrer should have been sustained and the bill dismissed.

For the reasons above stated, the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded to the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*