In re Application of the County Treasurer and Ex-Officio County Collector of Cook County for Judgment for Sale of Real Estate for Delinquent Taxes for the Year 1963 and Prior Years.

Petition of Winnetka Investment Co. for Tax Deed, Petitioner-Appellee, on Answer of Joan Fried and Nathan Schwartz, Respondents-Appellants.

Gen. No. 52,595.

First District, Fourth Division.

July 2, 1969.

Bernard Allen Fried, of Chicago, for appellants.

Victor S. Peters, Jr., of Northfield, for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

Respondents appeal from an order directing the County Clerk of Cook County to issue a tax deed to petitioner, the holder of tax certificates of purchase. This appeal is from a consolidated proceeding involving two parcels of unimproved real estate with identical parties and issues.

The issue presented for review is whether the respondents as beneficiaries under an Illinois land trust are such "parties interested in the real estate" as to require that they be served with notice pursuant to sections 263 and 266 of the Revenue Act of 1939, Ill Rev Stats, c 120, § 744,[1] § 747 [2] (1965).

[1] Section 263 of the Revenue Act of 1939, as amended, Ill Rev Stats, c 120, § 744 (1965):

". . . Such purchaser or assignee shall serve, or cause to be served, notice of such purchase . . . upon the following persons: . . . the owners of, or parties interested in such real estate, including trustees and mortgagees of record. . . ."

[2] Section 266 of the Revenue Act of 1939, as amended, Ill Rev Stats, c 120, § 747 (1965):

On June 21, 1967, petitioner filed its applications for orders directing the issuance of tax deeds wherein it recited that it had filed its petitions and that "all notices required by law to be given have been given and that petitioner had complied with all the provisions of law entitling it to a tax deed." The period of redemption as extended expired on June 19, 1967, and the petitioner indicated that it would appear in the Circuit Court for the issuance of the tax deeds on June 30, 1967.

On June 27, 1967, respondents appeared by their attorney and filed their answer. Respondents alleged they were beneficiaries under a trust agreement wherein First National Bank of Waukegan is trustee; and their names were known to the applicant herein; and that as a consequence, they were entitled to statutory notice; that no notice was served upon either of the respondents and prayed that the applications for tax deeds be denied. Petitioner replied and denied knowledge of the relationship of said respondents to the land trust; denied respondents were entitled to notice; admitted that personal service was not had upon respondents; but that notice was given them if they were beneficiaries by service of notice upon the trustee. After a hearing the court ordered the issuance of tax deeds and respondents appealed.

In determining whether beneficiaries of a land trust are entitled to notice in a tax proceeding we must consider the character of an Illinois land trust. In Levine v. Pascal, 94 Ill App2d 43, 50, 236 NE2d 425 (1958), this court said:

"The Illinois land trust, by its very nature, is characteristically different from common-law land trusts. While the common law accomplishes a split between the legal title in the trustee and the equitable title

". . . Notice of the fact of the filing of the petition . . . shall be given to occupants, owners, and persons interested in the real estate in the same manner as provided in section 263. . . ."

in the beneficiary, in an Illinois land trust, the trustee has both legal and equitable title. (See Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 138, 178 NE2d 888.) By placing with the trustee the 'full, complete and exclusive title to the real estate, both legal and equitable,' the beneficiary in an Illinois land trust is left with a personal property interest only. Chicago Federal Savings & Loan Ass'n v. Cacciatore, 25 Ill2d 535, 185 NE2d 670. Numerous other cases stand for the proposition that the interest of the beneficiary of an Illinois land trust is personal property." (Cases cited.)

 Only the land trustee and not the beneficiary can accept an offer to purchase the real estate, Schneider v. Pioneer Trust & Savings Bank, 26 Ill App2d 463, 168 NE2d 808 (1960); the trustee and not the beneficiary is the proper party to bring a forcible detainer action, Liberty Nat. Bank v. Kosterlitz, 329 Ill App 244, 67 NE2d 876 (1946); the beneficiary of a land trust is not a necessary party in a suit to condemn property, Chicago Land Clearance Commission v. Darrow, 12 Ill2d 365, 146 NE2d 1 (1957).

In Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 178 NE2d 888 (1961), affd 25 Ill2d 535, 185 NE2d 670 (1962), at page 140 this court said:

"Experience over many years has shown that a land trust performs many commercially useful purposes. It goes far to obviate the cumbersome nature of real estate transactions when there are multiple owners. In the same circumstance, it can simplify the management and financing of real properties and it is especially useful in the financing and marketing of subdivisions and large scale home or apartment building enterprises. Intolerable delays and sometimes insurmountable legal entanglements may result from the death, incompetency or disappearance of an owner of a fractional interest in land. These,

53

too, can be eliminated by the judicious use of a land trust.

"As a result, the Illinois land trust has made for itself over the years an important place in the holding and marketing of titles to real estate, in parcels large and small. It is self-evident that this development could not have taken place had not purchasers and lenders considered themselves safe when investing many millions of dollars on the sole security of land trustees' titles to real estate. In this they were repeatedly assured by courts of review that the trust beneficiaries had no interest in the real estate, and that even so strong a charge as a judgment lien against a trust beneficiary was, therefore, no encumbrance against the real estate title."

The term "parties interested in the real estate" has been discussed in several Illinois cases. In re Estate of English, 24 Ill2d 357, 181 NE2d 111 (1962), it was argued that the administrator and the creditors of a decedent were "persons interested" in his real estate within the meaning of sections 263 and 266 of the Revenue Act of 1939 (Ill Rev Stats, c 120, §§ 744, 747) requiring notice, in tax deed proceedings, to be served upon occupants, owners and "parties interested in the real estate" and that since no notice was served upon the appellants and other creditors of the estate the court was without jurisdiction to order issuance of the tax deed. The court said at page 358:

"An administrator takes no interest in the land of decedent, except a naked power to sell in case the personal estate is insufficient to pay debts, and neither he nor a creditor whose claim has been allowed holds a lien upon the land. (Cases cited.) Such persons are not 'interested in the real estate,' within the meaning of the provisions requiring personal notice in tax-deed proceedings."

In Remer v. Interstate Bond Co., 21 Ill2d 504, 173 NE 2d 425 (1961) the court at page 513 said:

> "We now direct our attention to the claim of petitioner that she was entitled to personal notice under the provisions of the Revenue Act by reason of her ownership of the two notes secured by the mortgage, and that in the absence thereof she was denied due process of law. We believe this claim to be untenable for the simple reason that there is no requirement in the statute that personal notice be given to a noteholder. Furthermore, we believe such a provision often would be wholly impracticable because of the multitude of persons holding notes and bonds secured by trust deeds."

In Glos v. Evanston Bldg. Ass'n, 186 Ill 586, 58 NE 374 (1900), the petitioner sought to enjoin the county clerk from issuing a tax deed alleging that the mortgagee was a "party interested in such real estate" and had not been notified by the purchaser of the expiration of the period of redemption pursuant to law. The court said at page 590:

> "The question whether, within the meaning of this statute, a mortgagee is an interested party and entitled to be notified by the purchaser of the expiration of the time of redemption, is not an open question in this court. In the case of Smyth v. Neff, 123 Ill 310, we held that a mortgagee, by virtue of this statute, is not entitled to such notice; that the statute must be regarded as meaning the same as though the words 'or parties interested' were omitted; that the legislature having failed to designate the 'person interested' in lands sold for taxes and special assessments, other than the owners or persons in possession or in whose name the land is taxed or assessed, the purchaser is not required to serve any notice of his purchase upon the person holding a

55

mortgage or other lien upon the land in order to entitle himself to tax deed. We say on page 320: '. . . But as the statute now is, the purchaser cannot know, from any direction given, to whom he is expected to give such notice as the statute requires, other than to the owner. In that respect the statute must be regarded as meaning precisely the same as it would mean if the words "or parties interested" had been omitted. In this case the owner was served with the statutory notice within apt time, and that is deemed a sufficient compliance with the law in this respect.' "

Subsequently, the legislature in 1911 amended Ill Rev Stats, c 120, § 744 to obviate the result of Smyth and Glos, supra, by adding "including trustees and mortgagees of record" thus expanding the description of those persons entitled to be served with notice. The statute today is practically identical to the notice requirements of the 1911 statute.

Respondents rely upon the terms of the trust agreement to argue that title to the property is taken by the trustee "for the ultimate use and benefit of the beneficiaries" who retain the power of direction to deal with the title to the property and receive the proceeds of sales, mortgages, rentals and the like. Respondents further argue that the beneficiaries here retain the "management and control of the renting, handling, encumbering, selling or making any other disposition of the property" and that the trustee has no duties in regard to the payment of taxes. It is thus contended that the beneficiaries are "interested in the real estate."

However, the trust agreement also recites that it is the intention of all the parties thereto that full legal and equitable title vest in the trustee and in event of a beneficiary's death, the interest shall pass to the executor or administrator and not to heirs-at-law. It further recites that no beneficiary now has, or shall thereafter at any time have, any right, title or interest in or to any portion

of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds.

There are a myriad of devices and methods available by which property or a thing of value can be owned or controlled. The obvious devices are a basic sole owner, a partnership, a joint venture, a corporation, a trust and variations of the foregoing as to liability, interest, control and authority. The Illinois land trust is another method of controlling property and as with any form of ownership the attendant areas of liability, control and interest vary. Each method has its peculiar advantages and disadvantages and our legal profession is constantly seeking to provide clients with the greatest degree of control and authority and the minimum exposure to any liability, inconvenience and cost.

It is conceivable that beneficiaries of an Illinois land trust would move with alacrity to argue their personal property interest in event of judgments as would their executors and administrators before a probate court.

Thus we see that the respondents in their present posture regarding the real estate cannot be permitted to adopt a legal entity and be blessed with both a sword and a shield depending upon the varying facts and circumstances.

■ A shareholder of a corporation whose only asset is a parcel of real estate, and especially in the many close corporations of this jurisdiction, could with equal vigor and argument claim an interest in the real estate. The legal consequences of the Illinois land trust do not provide the beneficiary with an interest that is entitled to notice in the proceedings now before us.

Judgment is affirmed.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.