PETITION OF LOIS, INC., FOR ISSUANCE OF TAX DEED, Petitioner-Appellee, v. WILLIAM T. HALVORSEN, Respondent-Appellant.

(No. 55122; ▓▓▓▓▓▓▓▓

First District—September 2, 1971.

William T. Halvorsen, of Chicago, for appellant.

Allan L. Blair, of Chicago, for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This is an appeal from an order of the Circuit Court allowing the petition of the tax purchaser, Lois, Inc., for a tax deed and directing the County Clerk to issue the tax deed. Prior to the order, Chicago City Bank and Trust Company as trustee under Trust No. 3988 was the legal title holder of the premises in question. The respondent, William T. Halvorsen, was the beneficiary of that trust. On appeal respondent contends that petitioner was not entitled to a tax deed because of its failure to give him notice of the proceedings. He also argues that the trial judge erred in not entering judgment on the pleadings in his behalf. The primary issue presented is whether respondent as a beneficiary of an Illinois land trust is a party with such an interest in the real estate

as to require notice of the proceedings in accordance with the provisions of the Revenue Act. Ill. Rev. Stat., 1969, ch. 120 § 744 and 747.

The case began with the County Collector's application for judgment and order of sale for 1965 delinquent general real estate taxes. The 1965 taxes for the subject property had not been paid, and on March 7, 1967, the property was sold for delinquent 1965 taxes to petitioner's assignor and a certificate of purchase was issued. The normal two year period of redemption was extended to November 28, 1969, by the holder of the certificate of purchase. On July 1, 1969, a petition was filed by petitioner's assignor in the Circuit Court requesting the issuance of a tax deed. In December, 1969, petitioner filed an application accompanied by affidavits seeking an order for a tax deed. The application recited that petitioner had purchased the certificate of sale, and that the time for redemption had expired. It stated that the bank as trustee was legal title holder and had been served with notice; and that the occupants of the premises had also been given notice. The affidavit further recited that the person in whose name the real estate was last assessed for taxes was Charles Halvorsen (respondent's father); that Charles Halvorsen was dead, and notice had been sent to his last known address by certified mail. The affidavit finally stated that respondent had an interest in the real estate, but after diligent inquiry, he could not be located in Cook County, and that he had been served by certified mail, with the certified receipt card having been returned signed in respondent's name by W. H. Sommers.

On January 6, 1970, respondent filed an appearance and was given 20 days to file an answer to the petition, and petitioner was given 7 days in which to file a reply. Respondent filed an answer, but no reply was filed by petitioner. Respondent's answer recited that he had not received any notice of the proceedings; that he had not signed a receipt card; and that W. H. Sommers was not his agent. The answer also set forth that, because of a loan, the property had been placed in trust with Chicago City Bank and Trust Company, but that respondent was the sole owner of the property.

Prior to trial, respondent informed the court that his main defense was that he had not received notice of the proceedings. Robert Doemland then testified for petitioner that he was employed by Interstate Bond Company to check tax records, titles and to serve process in connection with tax deed purchases. Doemland personally served notice of the proceedings on the trustee bank and upon the occupants of the subject premises. He learned of the death of Charles Halvorsen in a conversation with respondent's wife. The witness subsequently informed respondent of the tax sale in a telephone conversation, and

made an appointment to serve notice at respondent's law office. Respondent failed to keep the appointment. Respondent was mailed a certified letter containing the notice, and the receipt card was signed by Werner H. Sommers, who was in the same office and had the same telephone number as respondent.

Frank Williams, a process server, testified for petitioner that he was directed by Doemland to serve notice of the instant proceedings on respondent. In that connection, he visited the latter's home four times, but was told by various family members that respondent was not home. Williams also testified that a man whom he now knew as respondent was seated at a table in the home during one of his attempts to serve the notice.

Respondent, an attorney, testified that legal title to the premises was in the bank as trustee with him as beneficiary, but that he was actually the owner. He also testified that he had no notice of the proceedings. He did not have a conversation with Doemland; his wife did not tell him that she had a conversation with anyone about a tax sale. Sommers and he shared space in a law office, but were not partners in the practice of law.

The trial court held that as a beneficiary of an Illinois land trust, respondent was not entitled to notice of the proceedings. While petitioner argues at great length in this court that respondent was properly served with notice in accordance with the Revenue Act, we deem it necessary only to consider the correctness of the trial court's ruling.

In *Application of County Collector, Winnetka Investment Company v. Fried* (1969), 113 Ill.App.2d 50, 251 N.E.2d 757, this court held that the beneficiary of an Illinois land trust was not entitled to notice of the tax sale proceedings. In that case the court reviewed the history of land trusts in Illinois. It observed that the full, complete and exclusive title to the realty, both legal and equitable, was placed in the trustee, and that the beneficiary was left with a personal property interest only. The court also noted that only the trustee could bring a forcible detainer action, and that the beneficiary of a land trust was not a necessary party in a condemnation proceedings. The court concluded that a beneficiary "cannot be permitted to adopt a legal entity and be blessed with both a sword and a shield depending upon the varying facts and circumstances." We believe that the reasoning in the *Fried* case was sound, and we adhere to the principle set forth therein. We therefore hold that service of notice upon the trustee was sufficient to satisfy the provisions of the Revenue Act, and that the beneficiary was not entitled to notice of the proceedings.

We find no merit in respondent's second contention that peti-

tioner's failure to reply to his answer entitled him to judgment on the pleadings. His answer recited that he had not received notice of the proceedings. It did not constitute an affirmative defense, but merely joined issue with the claim of notice by petitioner. Although petitioner had obtained leave to reply, in view of the nature of the answer filed, no further pleading was necessary.

Accordingly, the order of the Circuit Court is affirmed.

Order affirmed.

LYONS and McGLOON, JJ., concur.