*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY FOR ORDER OF JUDGMENT AND SALE AGAINST REAL ESTATE RETURNED DELINQUENT FOR THE YEAR 1985 (R. Huffman, Petitioner-Appellant, v. Allison S. Davis, Jr., *et al.*, Respondents-Appellees).

First District (5th Division)   No. 1—89—3445

Opinion filed June 21, 1991.

Stanford D. Marks and Richard D. Glickman, both of Chicago, for appellant.

Orlikoff & Flamm, of Chicago (Arnold M. Flamm and Matthew A. Flamm, of counsel), for appellees.

JUSTICE McNULTY delivered the opinion of the court:

This is an appeal from a final order of the circuit court of Cook County finding that petitioner, R. Huffman, was not entitled to the issuance of a tax deed because he failed to exercise due diligence in ascertaining the identity of those parties entitled to notice of his tax deed petition. The particular question presented is whether a land trust beneficiary whose name and address are reasonably ascertainable must be afforded notice by mail or by personal service of the pendency of tax deed proceedings.

The matter before the court involves a petition for tax deed filed by petitioner R. Huffman. The property in question involves a 25-foot

vacant lot located at 1519 North Mohawk Avenue in Chicago that was sold on February 13, 1987, to Huffman for nonpayment of one installment of the 1985 general real estate taxes. The issuance of the order for deed has been contested by respondents Allison S. Davis, Jr. (Davis), William Moorehead (Moorehead) and M/D Ventures, an Illinois partnership (M/D).

The facts are substantially undisputed. M/D acquired title to the property by deed dated January 3, 1985. On that date, M/D executed a trust deed in favor of Chicago Title and Trust Company, trustee, to secure an indebtedness and an assignment of rents to Community Bank of Lawndale. These documents were signed by Moorehead and Davis, each of whom is identified as "partner."

On November 30, 1987, record title to the property was conveyed to the American National Bank and Trust Company of Chicago, as trustee under a trust agreement dated June 30, 1987, known as trust No. 102917-06, by a deed of trust. This document bears the signatures of Davis and Moorehead as grantors, each described as "general partner, M/D Ventures." The deed in trust does not contain transfer stamps and contains an indication of exemption. The trust agreement shows that Davis and Moorehead each own a 50% interest in the "earnings, avails and proceeds" of the real estate. The trust agreement is not filled in as to whom inquiries, notices and other matters should be referred.

Davis and Moorehead are the general partners of M/D. Both Davis and Moorehead are listed in the Chicago telephone directories. M/D has been registered under the "assumed name" statute with the county clerk of Cook County.

Petitioner filed his tax deed petition on October 25, 1988. The sheriff served notice on American National Bank, Chicago Title and Trust Company, Community Bank of Lawndale and Stanley Kusper, county clerk of Cook County. American National Bank also received certified mail notice from the clerk of the circuit court. No attempt was made to serve the respondents, and Davis does not recall receiving any notification from American National Bank. Publication as to unknown owners or parties interested was had in the Daily Herald on November 14, 15 and 16, 1988, but the published notice did not mention any of the respondents by name.

At the hearing on this matter, the petitioner testified that he reviewed the records at the office of the Cook County recorder of deeds, including an examination of the tract book. Based on this title search, he determined that the parties interested in the real estate were American National Bank as trustee, Chicago Title Trust as trustee under a trust

deed, and Community Bank of Lawndale through an assignment of rents. He also examined documents listed in his title search with the exception of the initial deed to M/D. Although he examined the deed in trust to American National Bank in the microfilm library maintained by the recorder of deeds, he did not notice the names of Moorehead and Davis thereon. Nor did he recall noticing the tax-exempt stamp on the deed. Petitioner further testified that he had examined the trust deed and the assignment of rents in the recorder's office, but again did not notice the names of Davis and Moorehead thereon. He did not examine any telephone books to see if Davis or Moorehead was listed therein, nor did he visit the Cook County clerk's office to see if M/D was registered there under the assumed name statute.

Petitioner relies on two cases decided by this court, *In re Application of the County Treasurer & Ex-Officio County Collector* (1969), 113 Ill. App. 2d 50, 251 N.E.2d 757 (petition of Winnetka Investment Co.) and *Lois, Inc. v. Halvorsen* (1971), 5 Ill. App. 3d 149, 275 N.E.2d 172, to support his contention that land trust beneficiaries disclosed or undisclosed are not entitled to notice of the pendency of tax deed proceedings. For the reasons set forth below, these cases are not dispositive of the issue presented here.

*County Treasurer* (Winnetka Investment Co.) focused on the question of whether land trust beneficiaries are such "parties interested in real estate" as to require that they be notified of tax deed proceedings. The court concluded that under Illinois law, the interest of a land trust beneficiary was personalty, not realty and, therefore, the owner of such an interest was not a person interested in the real estate within the meaning of provisions 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, pars. 744, 747) requiring personal notice of tax deed proceedings. However, in that case it was not apparent that the tax deed petitioner could have ascertained the identities of the land trust beneficiaries from public records. Under such circumstances constructive notice to the beneficiaries through service on the trustee and through publication is the best obtainable. Furthermore, since respondents assert protections under the due process clause of the fourteenth amendment to the United States Constitution, it will be necessary to address what notice land trust beneficiaries Moorehead and Davis were due under the facts of the instant case.

I

In *Lois, Inc. v. Halvorsen* (1971), 5 Ill. App. 3d 149, 275 N.E.2d 172, real estate was sold to Lois for delinquent taxes. The redemption period expired and a petition for tax deed was filed. The petition re-

cited: (1) that the land trust trustee (a bank) was legal title holder and had been served with notice; (2) that the premises occupants had been served with notice; (3) that the person last assessed for real estate taxes, Charles Halvorsen (respondent's father), was deceased and that notice had been sent to his last known address by certified mail; and (4) that respondent, William Halvorsen (the land trust beneficiary), had an interest in the real estate, but after diligent inquiry could not be located in Cook County and personally served, but had been served by certified mail with receipt card returned signed in respondent's name by W. H. Sommers.

The following evidence was introduced at trial of tax deed petitioner's "diligent inquiry" to locate and notify respondent land trust beneficiary of the tax deed proceedings. A witness testified that he was employed by Interstate Bond Company to check tax records, titles and to serve process in connection with Lois' tax deed proceeding. He personally served notice on the trustee bank, informed the respondent by telephone conversation of the tax sale and made an appointment to serve notice at respondent's law office, but respondent failed to keep the appointment. Respondent was then mailed a certified letter containing the notice and the return receipt card was signed by W. H. Sommers, who was in the same office and had the same telephone number as respondent.

Williams, a process server, testified that he was directed to serve notice of the tax proceeding on respondent. In that endeavor, he visited respondent's home four times, but was told on each occasion by various family members that respondent was not at home. He further testified that a man he now knew as respondent was seated at a table in the home during one of his attempts to serve the notice.

Respondent testified that he was the land trust beneficiary and, as such, was entitled to personal service of notice that the tax deed proceedings were pending. Respondent further testified that he had no notice, had never had a conversation with any employee of Interstate Bond Company, was never told by his wife of her conversation with anyone about a tax sale, and that W. H. Sommers shared space with him in a law office, but they were not partners in the practice of law.

The court in *Halvorsen* followed *County Treasurer* (Winnetka Investment Co.) holding that respondent, as beneficiary of a land trust, was not entitled to personal notice in the tax deed proceeding. The *Halvorsen* court was also not presented with the constitutional due process claims of the instant case.

In *Halvorsen*, however, the tax deed petitioner not only served the trustee of the land trust and respondent's deceased father at his last known address, but also from his records search deemed respondent to be an interested party in the real estate for notice purposes. Unlike Huffman in the instant case, the tax deed petitioner did not rely on the holding of *County Collector* (Winnetka Investment Co.) or on the language of section 263 of the Revenue Act of 1939 that "notice served upon the trustee shall be deemed to have been served upon any beneficiary" (Ill. Rev. Stat. 1987, ch. 120, par. 744). Rather, he embarked upon a diligent inquiry to locate respondent. To that end, he had an employee of a tax search firm contact respondent by telephone, and even hired a process server who attempted to serve respondent personally on four separate occasions. By his actions, petitioner in *Halvorsen*, when his search of the record indicated respondent's potential interest in the real estate, did everything possible to serve him with notice personally as his witnesses' testimony indicated. Therefore, even if personal service had been required, petitioner would have been excused from doing so because he had made diligent efforts in that regard.

In contrast, petitioner Huffman in the instant case made no attempt to personally or by certified mail serve notice on Davis, Moorehead or M/D Ventures although M/D Ventures acquired title to the subject property by deed dated January 3, 1985, and on that date executed a trust deed in favor of Chicago Title and Trust Company, trustee, and an assignment of rents to Community Bank of Lawndale. These documents were signed by Moorehead and Davis, each of whom was identified as "partner."

On November 30, 1987, record title to the property was conveyed to American National Bank and Trust Company, as trustee under a trust agreement dated June 30, 1987, known as trust No. 102917-06, by a deed of trust. This document bore the signatures of Davis and Moorehead as grantors, each described as "general partner, M/D Ventures." The deed in trust did not contain transfer stamps and contained an indication of exemption. In addition the trust deed to Chicago Title and Trust Company and the assignment of rents to Community Bank of Lawndale executed by M/D Ventures, signed by Davis and Moorehead as partners on January 3, 1985, were not released upon transfer of the subject property into the land trust on June 30, 1987, or thereafter.

■ A tax buyer, in conjunction with the filing of a petition for a tax deed in the circuit court, must have the sheriff serve notice of the petition upon

"owners and parties interested in the real estate sold, if upon diligent inquiry they can be found in the county." (Ill. Rev. Stat. 1987, ch. 120, par. 744.)

Such notice must contain the date upon which the petition for tax deed was filed and the date when the period of redemption will expire.

■■ Although beneficiaries may have a right to redeem property from a tax sale proceeding, section 263 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 744) provides in pertinent part:

"Where a party interested in the real estate is a trustee, notice served upon the trustee shall be deemed to have been served upon any beneficiary or note holder thereunder unless the holder of the note is disclosed of record."

Respondents concede that the relevant language of section 263 could be construed to excuse any need to serve notice upon the trust beneficiaries, even if their identities and addresses are known to the tax deed petitioner or can be reasonably ascertained by him from the public records. Nonetheless, they maintain that such an interpretation would render the statute unconstitutional under the due process provisions of the fourteenth amendment of the United States Constitution, not on its face, but as applied in situations where the identity and address of the trust beneficiary are known to the tax deed petitioner or can be readily ascertained from public records.

Although this court concluded in *County Collector* (Winnetka Investment Co.) and *Halvorsen* that beneficiaries are not entitled to notice, these cases do not resolve the issue here for the reasons set forth below.

In the seminal case involving notice required under the due process clause, *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652, the United States Supreme Court found that published notice of judicial settlements constituted insufficient notice to beneficiaries of a common trust fund who could easily be reached by mail. The court stated that "[w]here the names and post-office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency." (*Mullane*, 339 U.S. at 318, 94 L. Ed. at 875, 70 S. Ct. at 659.) Notice by publication was inadequate "not because in fact it fails to reach everyone, but because *** it is not reasonably calculated to reach those who could easily be informed by other means at hand." (*Mullane*, 339 U.S. at 319, 94 L. Ed. at 876, 70 S. Ct. at 660.) Thus, the court concluded that publication

alone was sufficient only for those beneficiaries whose identity or whereabouts could not with due diligence be ascertained.

More recently, in *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 77 L. Ed. 2d 180, 103 S. Ct. 2706, the Supreme Court found that due process mandates that a mortgagee receive notice reasonably calculated to apprise him of a pending tax sale, and when the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. Consequently, the Supreme Court concluded:

> "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, *** if its name and address are reasonably ascertainable. Furthermore, *** knowledge of delinquency in the payment of taxes is not the equivalent to notice that a tax sale is pending." *Mennonite*, 462 U.S. at 800, 77 L. Ed. 2d at 188, 103 S. Ct. at 801.

It is clear that in the instant case, the names and addresses of the beneficiaries were reasonably ascertainable. M/D remained the assessee after the transfer of its interest, and the interest of Davis and Moorehead was reflected in the deed of trust, trust deed and assignment of rents. In addition, the address of M/D was contained on the deed whereby title was acquired by M/D. Petitioner, nonetheless, testified that he did not notice the respondents' names on any of the documents he reviewed, nor did he review the deed to M/D.

■ The fact that the names and addresses of the respondents were reasonably ascertainable indeed presents an issue as to the constitutionality of section 263 as applied to this case. We need not, however, reach this issue. A statute should be construed wherever possible in such a manner as to avoid rendering it unconstitutional. *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374.

■ ■ To avoid holding section 263 unconstitutional as applied to the instant case, the trial court first found that the possible interest of respondents in the real estate, as well as their names and addresses, were in the public record numerous times. Thus, rather than find section 263 unconstitutional, the petitioner's request for a tax deed was denied solely on the basis that he failed to exercise due diligence in ascertaining the interest of the respondents. In addition to section 263 providing that notice to a trustee is deemed to be notice to a beneficiary, the section also requires the tax purchaser to make "diligent inquiry" to find and serve all owners and parties interested

in the real estate. (Ill. Rev. Stat. 1987, ch. 120, par. 744.) Furthermore, section 266 provides that the court shall insist on strict compliance with the requirements contained in section 263. (Ill. Rev. Stat. 1987, ch. 120, par. 747.) Diligent inquiry is that kind of search or investigation which a diligent man, intent on ascertaining a fact, would usually and ordinarily make. (*In re Application of County Treasurer* (1975), 32 Ill. App. 3d 161, 336 N.E.2d 167 (Petitioner Ron Ohr v. Hoffman).) ("A tax purchaser is obliged to look at information contained in county tax and title records so that he may serve the notices required by the Revenue Act. '[H]aving the means before his eyes of ascertaining the truth, by merely looking, in regard to a fact about which it is his duty to know, if he fails to look he does not act in good faith.' ") 32 Ill. App. 3d at 164, quoting *Keeney v. Glos* (1913), 258 Ill. 555, 557, 101 N.E. 943.

Petitioner Huffman made no effort whatever to learn the nature of that interest or serve respondents either personally or by certified mail. He justified this action on the serendipitous ground that respondents eventually turned out to be land trust beneficiaries rather than other interested parties such as mortgagees or note holders of record. Because petitioner served the land trust trustee, he contends that the statute not only excused him from serving notice on the beneficiaries, but also excused him from making any inquiry to ascertain the interest or whereabouts of the respondents. In rejecting that argument, the trial court aptly stated:

> "[N]either the case law nor statutory provisions relied upon by Petitioner limit his obligation to meet the requirements of diligent effort and inquiry and strict compliance set forth elsewhere in the Revenue Act. Petitioner apparently did not know, or take steps to ascertain, the status of Moorehead and Davis as beneficiaries, or their relationship to M/D and although their names and addresses were readily ascertainable, he did not attempt to contact them to determine their interests, or serve them to achieve compliance. Under these circumstances he cannot rely on decisional and statutory authority concerning beneficiaries, and the latter [*sic*] discovered status of Davis and Moorehead, [as beneficiaries], to lessen his responsibility to achieve the requisite statutory standard."

Following *Mennonite*, courts in other jurisdictions have held that land trust beneficiaries whose names and addresses can readily be ascertained from public records have a constitutional right to personal or mailed notice of tax deed proceedings, even where the State statute is to the contrary. *Lilly v. Duke* (W. Va. 1988), 376 S.E.2d 122;

*Lohr v. Cobur Corp.* (Mo. 1983), 654 S.W.2d 883; *Wylie v. Patton* (1986), 111 Idaho 61, 720 P.2d 649.

Requiring a tax deed petitioner to conduct a diligent inquiry to ascertain the identities and interests of land trust beneficiaries when their names and addresses are readily available from public records does not totally negate the language in section 263 that "notice served upon the trustee shall be deemed to have been served upon the beneficiary." (Ill. Rev. Stat. 1987, ch. 120, par. 744.) Unlike the instant case, in most land trust situations the identities and addresses of land trust beneficiaries cannot be readily ascertained from public records. They are both unknown and unknowable. In such cases substitute service upon the land trustee is far more likely to reach the beneficiary than would newspaper publication directed to "Unknown Owners and Parties Interested in the Real Estate."

■ Respondents Davis and Moorehead as beneficiaries of a land trust had a right to redeem from the tax sale by disclosing their interest of record. (Ill. Rev. Stat. 1987, ch. 120, par. 734.) It is logical also to conclude that they should be entitled to notice of the pending expiration of the period of redemption if their names and addresses were reasonably ascertainable from the public records as in the instant case. Article IX, section 8(b)(1), of the Illinois Constitution of 1970 states: "The right of redemption from all sales of real estate *** shall exist in favor of owners and persons interested in such real estate ***," and (c) states: "Owners, occupants and parties interested shall be given reasonable notice of the sale and the date of expiration of the period of redemption as the General Assembly provides by law." Ill. Const. 1970, art. IX, §§8(b)(1), (c).

■ A "diligent inquiry" by petitioner in the instant case should have determined the likelihood that respondents still had an interest in the real estate notwithstanding the delivery of the deed in trust to American National Bank. This was evidenced by the fact that the deed was exempt from transfer tax, an indicia that there was no sale of the real estate. Further, there was no change of address on the tax bills nor release of the existing mortgage and assignment of rents following the conveyance to the bank, another indication that respondents retained an interest in the subject real estate. Addresses of the respondents were obtainable either from the public documents themselves or from telephone directories and the assumed name certificate on file in the county clerk's office. Therefore, we hold, as the trial court did, that notice to the beneficiaries under these circumstances was required.

## II

Finally, petitioner argues that land trust beneficiaries are not persons "interested in the real estate," and thus are not entitled to notice under the statute. He relies on the language of the trust agreement, section 1 of the Land Trust Beneficial Interest Disclosure Act definition of "land trust" (Ill. Rev. Stat. 1989, ch. 148, par. 71), and certain court decisions including those of this court in *County Treasurer* (Winnetka Investment Co.) and *Halvorsen*. However, as noted herein the two cases cited above antedated the decision of the United States Supreme Court in *Mennonite* and were not presented with the constitutional due process claims asserted in this case by respondent land trust beneficiaries whose identities and addresses were readily ascertainable from public documents.

■ Assuming *arguendo* that respondents' interests are personal property not real property, the due process requirements of the United States Constitution are not limited to interests in real estate. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148; *Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983; *Perry v. Sindermann* (1972), 408 U.S. 593, 33 L. Ed. 2d 570, 92 S. Ct. 2694.) Therefore, even if respondents' interest as land trust beneficiaries was personal rather than real, under the circumstances of this case, due process required that they be notified personally or by certified mail of the pendency of the tax deed proceedings. The Illinois Supreme Court in *Home Federal Savings & Loan Association v. Zarkin* (1982), 89 Ill. 2d 232, 432 N.E.2d 841, recognized the characterization of a land trust beneficiary's interest as personal rather than real property as "paradoxical." (89 Ill. 2d at 238.) Further, in *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540, our supreme court disregarded the fiction entirely in holding that the land trust beneficiary, rather than the trustee, is the owner of real estate for taxation purposes, language to the contrary in the trust agreement notwithstanding. One may infer from this holding that the rationale advanced in *County Treasurer* (Winnetka Investment Co.) and *Halvorsen* that land trust beneficiaries own no interest in real property subject to the notice provisions of the Revenue Act (Ill. Rev. Stat. 1989, ch. 120, par. 744) in tax deed proceedings is no longer viable under the circumstances of the instant case.

■ In conclusion, the two cases cited above, *County Treasurer* (Winnetka Investment Co.) and *Halvorsen*, relied on by petitioner, were decided before the 1973 amendment to section 253 of the Reve-

nue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 734), added by Public Act 78—787 (1973 Ill. Laws 2386), which reads in relevant part as follows:

> "Real property sold under the provisions of this Act may be redeemed by owners and persons interested in real estate, other than undisclosed beneficiaries of Illinois land trusts *** ."

This court in *In re Application of the County Treasurer* (1973), 16 Ill. App. 3d 385, 306 N.E.2d 743 (*Spackman v. Overton*), concluded that this amendment recognized land trust beneficiaries are "persons interested in the real estate."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.