**In re CHALKLEY.**

No. 4370.

District Court, E. D. Tennessee.

Sept. 4, 1940.

Geo. M. Dunn and J. H. Chalkley, both of Johnson City, Tenn., for debtor.

J. H. Winston, of Johnson City, Tenn., for Prudential Life Ins. Co.

TAYLOR, District Judge.

This is before me to review the referee's action on creditors' motion to dismiss debtor's petition under chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq.

The referee held that the debtor's petition, he being one of the holders of the involved property as a tenant by the entireties, gave the court jurisdiction; that the sale of the property on the same day petition was filed lacked confirmation of the Chancery Court, and, therefore, vested no title in the purchaser; and that it appearing that the debtor would be unable to secure an acceptance of any proposal, and that it appeared to be to the interest of creditors to dismiss the petition rather than to adjudge the petitioner a bankrupt, the petition should be dismissed.

The referee inadvertently held the sale incomplete because not confirmed by the Chancery Court. It is clear on the record that the sale was held pursuant to the express terms of the trust deed, and that the case was in the Chancery Court only to enjoin the advertised sale. The decree of the Chancery Court was so conditioned as to the temporary injunction that at the time of the sale it was of no effect. So the sale passed title to the property unless the petition here involved operated to stay any further proceedings under the advertised sale by the trustee.

The petition had that effect if one of the tenants by the entireties, jointly obligated to discharge the debt secured by the trust deed, has a right to proceed under chapter XII of the Act.

■ This proceeding was, theoretically, to effect an alteration or modification of the rights of creditors whose debts were secured by a lien upon this sole piece of property. To have a right to the benefits of chapter XII, the petitioner must be the legal or equitable owner of the property against which the lien rests.

■ It will not do to say that one of the tenants by the entireties has such title, legal or equitable, as would give him status to change the conditions or terms of payment, or to change the rate of interest or agree to surrender the title to the property or the possession or profits of same, or to by any device offer any assurance to any creditor that if the conditions of the arrangement accepted by them are not complied with, they may then have and enjoy either possession of or profits from the liened property. The co-tenant is, in the view I take of the objects of the statute, an essential and indispensable party to any proceeding under chapter XII.

Another mandate of the statute giving weight to this construction is that the primary purpose of the arrangement must be "the alteration or modification of the rights of creditors or any class of them, holding debts secured by real property * * * of which the debtor is the legal or equitable owner". 11 U.S.C.A. § 806 (1). What fixed or vested interest in the involved liened property can this tenant by the entireties deal with to effect any alteration or modification of the terms of their debt contracts?

■ It follows from what has been said herein that the referee properly dismissed the petition, but erroneously held that the filing of the debtor petition gave the bankruptcy court jurisdiction to pass upon the state of the title to the property claimed by the co-tenant debtor. The sale having occurred pursuant to the trust conveyance, no confirmation was requisite to passing title.

At the hearing the debtor claimed authority to act for his co-tenant, but the record before the referee is conclusive of his action.

■ It further appeared at the hearing before me that the object of the petition was not to work a modification of the terms of payment with creditors, but solely to give the debtor time to re-finance the whole debt and pay off the present creditors. This alone takes the proceeding out of the provisions of chapter XII.

An order conforming to this memorandum may be prepared for entry.

I find no case dealing with the precise question. Tennessee cases giving color to the idea that in regular bankruptcy cases tenants by the entireties have an estate of such value that it passes to the trustee are not in point. No such case gives support to the contention that a single such tenant may make valid contracts affecting the terms of existing debt contracts.