## ROCKMORE v. WEINER.

### No. 92.

Circuit Court of Appeals, Second Circuit.

Nov. 16, 1942.

Jacob Zane Hoffman and Herbert Shiff, both of New York City, for appellant.

George Feinberg, of New York City (Alexander H. Rockmore, of New York City, of counsel), for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

This appeal involves only the question whether the court's findings of insolvency and reasonable cause for the belief that the defendant's collection would effect a preference were "clearly erroneous." They were not. Proofs of claim filed by creditors were admitted without objection which showed the bankrupt to have been indebted in the sum of at least $1,450; to which must be added the debt to the defendant of $550, making $2,000 in all. The bankrupt was asked upon the trial whether he had not sworn before the referee that the sale value of his stock in trade at retail was "about $800, and a (sic) forced sale about $300." To this he answered that he denied nothing which he had said to the referee, which we regard as the equivalent of reaffirming its truth. There was therefore evidence of insolvency independent of

the bankrupt's schedules, upon whose competence as evidence against the defendant we need not pass, though by not doing so we do not wish to appear to throw doubt upon In re Mandel, D.C., 127 F. 863, 865, affirmed 2 Cir., 135 F. 1021. The financial condition of the bankrupt obviously could not materially change after his stock in trade was sold out.

It is clear that the defendant had reasonable ground for believing that the sale would effect a preference. He was selling out the bankrupt lock, stock and barrel for less than enough to pay his own debt. The bankrupt was helpless, had forlornly abandoned the store and even absented himself from the sale.

Judgment affirmed.