**In re QUAKER ROOM.**
No. 46727.

United States District Court
S. D. California, Central Division.
May 24, 1950.

760

---

W. Torrence Stockman, Los Angeles, Cal., for G. E. Kinsey, respondent and petitioner on review.

Irwin R. Buchalter and Murray M. Fields, Los Angeles, Cal., for trustee, Ralph Meyer.

MATHES, District Judge.

These proceedings are now before this court upon a petition for review of the referee's order of March 16, 1949, requiring the petitioner upon review, G. E. Kinsey, to turn over to the trustee in bankruptcy a California liquor license which the bankrupt partnership transferred to Kinsey prior to bankruptcy. Bankruptcy Act, §§ 2, sub. a(10), 39, sub. c, 11 U.S.C.A. §§ 11 sub. a (10), 67, sub. c.

The facts are undisputed. In September, 1947, the partnership borrowed from Kinsey $6,600 with which to purchase a general on-sale liquor license. To secure repayment the partnership executed an agreement providing in part: "Mortgagor (now bankrupt) further agrees and does hereby assign and set over to mortgagee (Kinsey) as further security for the performance of the obligations hereunder all right, title and interest they now have or hereinafter acquire in and to general on-sale liquor license No. 6890-B from the State of California, and mortgagor further agrees that in the event of default * * * they will upon demand execute any and all documents necessary or expedient to effect, facilitate or expedite the transfer of said liquor license to mortgagee."

Upon default more than a year later, on October 5, 1948, the partnership transferred the license to Kinsey in keeping with the agreement. The California State Board of Equalization approved the transfer and on November 29, 1948, issued a general on-sale liquor license to Kinsey. In effecting the transfer under the Alcoholic Beverage Control Act, Cal.Stats.1947, pp. 2263, 3219, Deering's Cal.Gen.Laws, 1949 Supp. Act 3796, §§ 7, 7.2. Kinsey paid current payroll, taxes, and other debts of the partnership totalling $2,007.10.

On November 26, 1948—three days before the Board issued the license to Kinsey—an involuntary petition in bankruptcy was filed, and on December 15, 1948, the partnership was adjudged bankrupt.

On December 27, 1948, the trustee (then receiver) petitioned for an order directing Kinsey to turn over the license to the bankrupt estate. Kinsey answered resisting the petition. Jurisdiction to determine the controversy summarily was not questioned. See Bankruptcy Act, § 23, 11 U.S.C.A. § 46; Page v. Arkansas Gas Corp., 1932, 286 U.S. 269, 52 S.Ct. 507, 76 L.Ed. 1096; Honeyman v. Hughes, 9 Cir., 1946, 156 F.2d 27, certiorari denied, 1946, 329 U.S. 739, 67 S.Ct. 99, 91 L.Ed. 638; In re Pinsky-Lapin & Co., 2 Cir. 1938, 98 F.2d 776. Following a hearing the referee granted the petition and issued the order under review directing Kinsey to turn over the license to the trustee.

■ The Bankruptcy Act provides in § 60, sub. b, 11 U.S.C.A. § 96, sub. b, and in § 67, 11 U.S.C.A. § 107, and § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e, for recovery by the trustee of property formerly belonging to the bankrupt. Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 431, 44 S.Ct. 396, 68 L.Ed. 770. At the outset Kinsey raises the question whether a California on-sale liquor license constitutes "property" within the meaning of the Bankruptcy Act, since the sections just cited authorize the trustee to avoid transfers of "property" only. See Crenshaw v. McKinley, 2 Cir., 1941, 116 F.2d 877, 880.

■ Although "in the interpretation and application of federal statutes, federal not local law applies", Prudence Realization

Corp. v. Geist, 1942, 316 U.S. 89, 95, 62 S. Ct. 978, 982, 86 L.Ed. 1293; Deitrick v. Greaney, 1940, 309 U.S. 190, 200, 201, 60 S. Ct. 480, 84 L.Ed. 694, it is necessary to examine the rights which flow under state law from ownership of an on-sale liquor license in determining whether it possesses the characteristics of "property" within the Bankruptcy Act. Board of Trade v. Johnson, 1924, 264 U.S. 1, 10-11, 44 S.Ct. 232, 68 L.Ed. 533; Page v. Edmunds, 1903, 187 U.S. 596, 602, 23 S.Ct. 200, 47 L.Ed. 318; Fisher v. Cushman, 1 Cir., 1900, 103 F. 860, 865.

■ An on-sale liquor license is transferable with approval of the California State Board of Equalization. Cal.Stats. 1947, pp. 2263, 3219, Deering's Cal.Gen. Laws 1949 Supp.Act 3796 §§ 7, 7.2; Fong v. Rossi 1948, 87 Cal.App.2d 20, 195 P.2d 854. As the number permitted to be issued is limited, See Cal.Stats.1945, p. 2642, Deering's Cal.Gen.Laws 1949 Supp.Act 3796, § 38f, the value of the license far exceeds the original license fee. The license may become "an item of property in the estate of a deceased holder." Roehm v. Orange County, 1948, 32 Cal.2d 280, 196 P.2d 550, 557 (dissenting opinion); Cal. Stats.1947, p. 3219, Deering's Cal.Gen.Laws, Act 3796, § 7.

■ California courts have characterized an on-sale liquor license as a mere "permit", in holding that such a license "is not a proprietary right within the meaning of the due process clause of the Constitution." See State Board of Equalization v. Superior Court, 1935, 5 Cal.App.2d 374, 42 P.2d 1076, 1077; Hevren v. Reed, 1899, 126 Cal. 219, 58 P. 536. But characterization for such a limited purpose does not control the interpretation of "property" as used in the Bankruptcy Act. Board of Trade v. Johnson, supra, 264 U.S. 1, 10, 44 S.Ct. 232, 68 L.Ed. 553; Fisher v. Cushman, supra, 1 Cir., 103 F. 860, 865. Montana's Supreme Court has held that a retail liquor license issued under laws similar to those existing in California is "saleable and is personal property of value and subject to attachment." Stallinger v. Goss, Mont. 1948, 193 P.2d 810.

■ It is my opinion that a California on-sale liquor license, being admittedly a thing of value and subject to sale and transfer provided only the State Board of Equalization shall approve the purchaser or transferee, constitutes "property" as that term is used in the Bankruptcy Act. See In re John F. Doyle & Son, 3 Cir., 1913, 209 F. 1; Fisher v. Cushman, supra, 1 Cir., 103 F. 860.

To recover the license in question for the bankrupt estate, the trustee has the burden of avoiding two "transfers", namely, (1) the bankrupt's September, 1947, agreement to transfer the license upon default, and (2) the October, 1948, transfer to Kinsey following default. Bankruptcy Act § 1(30), 11 U.S.C.A. § 1(30).

■ The first "transfer"—the agreement to transfer the license upon default in payment of the loan—constituted an attempt to mortgage it. Cal.Civ.Code, § 2920; Blodgett v. Rheinschild, 1922, 56 Cal.App. 728, 206 P. 674, 678. A California on-sale liquor license being "not capable of manual delivery", cf. Joint Pole Ass'n v. Steele, 1931, 213 Cal. 233, 2 P.2d 335, an agreement to mortgage it may be avoided by attaching creditors, Cal.Civ.Code, § 2955; Old Settlers' Investment Co. v. White, 1910, 158 Cal. 236, 110 P. 922, 924, and therefore by the trustee in bankruptcy. Bankruptcy Act § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e; Swift v. Higgins, 9 Cir., 1934, 72 F.2d 791, 793; Noyes v. Bank of Italy, 1929, 206 Cal. 266, 274 P. 68, 70.

■ The agreement to mortgage must be declared void at the suit of the trustee in bankruptcy for the further reason that it was not recorded. Cal.Civ.Code, § 2957; Swift v. Higgins, supra, 9 Cir., 72 F.2d 791; Wolpert v. Gripton, 1931, 213 Cal. 474, 2 P.2d 767. The referee was clearly right then in holding this "attempt to mortgage, pledge, or hypothecate a liquor license * * * not permissible under the law. * * *" See Cal.Civ.Code, §§ 2872, 2955, 2957, 2986–2988.

The validity of the actual transfer on October 5, 1948, is next to be considered. The Bankruptcy Act, § 70, sub. e, 11 U.S.C.A. § 110, sub. e, provides for avoidance by the

trustee of any transfer which, "under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title * * *." Under California law a transfer made "by a person who is or will be thereby rendered insolvent" may be avoided by creditors if the transfer is made "without a fair consideration" Cal.Civ.Code, § 3439.04.

An antecedent debt, "as a fair equivalent" for property transferred, may constitute "fair consideration" within the state statute. Cal.Civ.Code, § 3439.03. The October 5th transfer was made to discharge indebtedness of the bankrupt. But the record under review does not disclose whether the transfer was made without "fair consideration"; that is to say, whether the indebtedness was disproportionately small compared with the value of the license. Nor does it disclose whether the partnership was insolvent at the time of the transfer, or whether the transfer rendered the partnership insolvent.

■ The referee's findings are thus insufficient for determination whether the transfer of October 5th is voidable under state law and so voidable under § 70, sub. e, 11 U.S.C.A. § 110, sub. e. Busick v. Mandeville, 1947, 80 Cal.App.2d 855, 183 P.2d 362; General Kontrolar Co. v. Allen, 6 Cir., 1942, 124 F.2d 123; Moore v. Bay, 1931, 284 U.S. 4, 5, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198. Moreover since § 67, sub. d, 11 U.S.C.A. § 107, sub. d, is substantially identical to the Uniform Fraudulent Conveyance Act, Cal.Civ.Code, § 3439 et seq., for like reasons the referee's findings are insufficient for determination whether the transfer of October 5th is voidable under that section of the Bankruptcy Act. See General Kontrolar Co. v. Allen, supra, 6 Cir., 124 F.2d 123, 126.

■ There remains the question whether the transfer of October 5th is voidable as a preference under § 60, subs. a, b, 11 U.S.C.A. § 96, subs. a, b, of the Bankruptcy Act. A transfer made, as here, pursuant to a mortgage void under state law, constitutes a voidable preference under § 60 of the Act

if the facts specified therein as requisite to avoidance be shown. In re Turley, 7 Cir., 1937, 92 F.2d 944, 946; Swift v. Higgins, supra, 9 Cir., 72 F.2d 791, 796.

■ Admittedly the transfer in question was made "within four months of bankruptcy." Bankruptcy Act, § 60, sub. a, 11 U.S.C.A. § 96, sub. a; Cal.Stats.1947, p. 2263, Deering's Cal.Gen.Laws 1949 Supp. Act 3796, § 7.2. And there is evidence in the record from which Kinsey's knowledge of the financial condition of the partnership at the time of transfer could be inferred. See Rockmore v. Weiner, 2 Cir. 1942, 131 F.2d 595, 596; Pollock v. Jones, 4 Cir., 1903, 124 F. 163, 168. This court might amend and supplement the referee's findings in that particular, Bankruptcy Act § 2, sub. a(10), 11 U.S.C.A. § 11, sub. a(10); General Order XLVII, 11 U.S.C.A. following section 53; In re Sparta Canning Co., 7 Cir. 1943, 73 F.2d 732, 733, but there is no evidence in the record upon which to predicate a finding as to whether the partnership was insolvent at the time of transfer.

■ The petition for review finally urges as error the failure of the referee to include in the order "an allowance in the amount of the obligations of the bankrupt paid by the said G. E. Kinsey * * * of such nature as to constitute prior claims in this bankruptcy * * *." This refers to the admitted fact that in effecting transfer of the license Kinsey paid payroll, taxes, and other indebtedness of the partnership amounting to $2,007.10. However, the record does not disclose any order of the referee with respect to a claim for such payments, so the matter is not now subject to review. See Matter of Prindible, 3 Cir. 1940, 115 F.2d 21, 22; In re Christ's Church of the Golden Rule, D.C.N.D.Cal.1948, 79 F.Supp. 42, 45.

■ For the reasons stated it is now ordered that the findings of fact, conclusions of law and order of the referee dated March 16, 1949, be and are hereby reversed, and that the matter under review be and is hereby recommitted to the referee with instructions to (1) hold further hearing on the trustee's petition and, (2) upon conclusion

thereof, make findings of fact and conclusions on all issues of fact and law raised by the petition and answer, General Order XXXVII; Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. and (3) enter an appropriate order thereon.