**In the Matter of Alexander Jennings DICK, Debtor.**

**Kenneth W. BASS, Appellant,**

v.

**Alexander Jennings DICK, Appellee.**

**No. 13409.**

United States Court of Appeals Seventh Circuit.

Dec. 19, 1961.

A. E. Simonson, Madison, Wis., Simonson & Liden, Madison, Wis., for appellant.

William J. P. Aberg, Roger L. Gierhart, Madison, Wis., for appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

On June 4, 1959, appellee, Alexander Jennings Dick, a farmer, filed with the District Court of the Western District of Wisconsin, a petition for an arrangement under Chapter 12 of the Bankruptcy Act (11 U.S.C.A. § 801 et seq.). Chapter 12 has to do with real property arrangements by persons other than corporations.

This is an appeal from an order of the District Court confirming an order of the Referee in Bankruptcy dismissing the debtor's petition under Chapter 12.

The appellant is Kenneth Bass who made an offer to purchase 90 acres of the real estate owned by Dick. It is the contention of Bass that the Referee in Bankruptcy had approved and confirmed his offer to purchase and therefore had no legal right or jurisdiction to dismiss the Chapter 12 proceeding.

On June 5, 1959, debtor filed a proposed arrangement. This proposal was rejected by the creditors at a meeting held July 2, 1959. Dick filed a proposed amended arrangement on October 15, 1959. Apparently no action was taken thereon. On January 19, 1960, debtor filed a further amended proposal in which he proposed to sell 40¼ acres of land to Kenneth Bass for $6,000. A meeting of creditors was scheduled for March 16, 1960, to consider this latter proposal. Due to illness, the Referee did not attend, but the meeting was held nevertheless, and all creditors were in attendance. The proposal to sell the 40¼ acres for $6,000 was presented and approved. One of the attorneys was to prepare an appropriate order but did not do so. In the memorandum decision of the Referee, he states the proposal " * * * was later confirmed by the Court. * * *" No sale or transfer of the 40¼ acres was ever consummated.

On May 5, 1960, a special meeting of creditors was held to consider an offer by Kenneth Bass to purchase 90 acres of the Dick property for a total price of $10,000. The offer specified $100 was to be paid when the Referee in Bankruptcy approved the offer to purchase, and $3,900 at the time of closing; the balance was to be paid at the rate of $50 per month. A condition of the offer was that the $4,000 payment was to be used to pay off the first mortgage owned by one Beggs; the next $300 was to be paid to Lee Endres, the owner of a judgment, and $1,000 to Dane County to apply on the payment of the old age assistance lien which had been filed against the property. The offer also provided that the 90 acres were to be surveyed and the cost of the survey was to be paid by Dick.

The property was described in the offer of purchase as the Alexander Dick farm in Dane County, Wisconsin, "except 14 acres upon which the homestead buildings are situated which are to be retained by Alexander Dick and his wife as selected by them and also except the little house and property located on the South side of County Highway B, which was described in a certain land contract conveyance and recorded in the office of the Register of Deeds for Dane County, the total property being purchased by the Buyer to be 90 acres more or less, at the price of Ten Thousand and no/100 . . . Dollars ($10,000.00) * * *."

In the earlier part of the proceeding, Attorney Jack McManus acted as attorney for debtor. Bass paid $100 to McManus with the idea of making a down payment upon his agreement. Bass went into possession of the 90 acres on May 5, 1960, and was in continuous possession thereof for more than a year. Bass did some fencing on the property, but the

Referee found that the value of Bass's possession of the Dick property for more than a year exceeded the value of the fencing or other work that he may have done on the debtor's property.

On May 27, 1960, the Referee entered an order which approved the sale of 90 acres to Kenneth Bass but provided two additional conditions, 1) that in addition to the $50 a month or more payments as contained in the offer, an additional sum of $300 or more should be paid semi-annually, commencing on December 1, 1960; [1] 2) that Kenneth Bass should be made guarantor of a land contract executed by one Carl Sloniker and in the event of a default by Sloniker " * * * Kenneth Bass shall have the rights as well as the obligations of the said Carl Sloniker."

Debtor and Bass were unable to agree on the boundary lines of the 14 acres which were to be retained by debtor, hence the survey of the remaining 90 acres was not completed.

After a dispute with debtor, McManus withdrew as his attorney within a short time after August 2, 1960. Since that time debtor has been represented by William J. P. Aberg who promptly wrote a letter to the Referee saying that he had, upon behalf of his client, acquired the first mortgage from Beggs; acquired the judgment held by Endres and had paid all unsecured claims. He informed the Referee that he had agreed to pay McManus $600 in full for his services as an attorney for Dick.

On September 23, 1960, nearly fifteen months after the Chapter 12 petition was filed, debtor filed a petition to dismiss his Chapter 12 proceeding. The petition recited the proposed sale to Bass was unconsummated and had left his affairs in a state of confusion. Bass objected to the dismissal. The Referee held a hearing. A reputable and experienced real estate agent testified that the 90 acres of the Dick property were worth twice the amount which Bass had offered. The Referee concluded that Bass had never acquired a legal or an equitable right to purchase the 90 acres in question, and he ordered that the Chapter 12 proceeding be dismissed.

Bass petitioned the District Court for a review. That Court approved the findings of fact and conclusions of law of the Referee and confirmed the order dismissing the proceeding.

Chapter 2, sec. 2(9) of the Bankruptcy Act (11 U.S.C.A. § 11(9)) provides [Courts of Bankruptcy may] "Confirm or reject arrangements or plans proposed under this title, set aside confirmations or arrangements or wage-earner plans and reinstate the proceedings and cases."

Let us assume the Referee had approved and confirmed the arrangement. It is clear the District Court would have had the jurisdiction and power to set aside that arrangement upon a proper showing. Under such circumstances, the Court could have dismissed the Chapter 12 proceeding. The District Court does not have less jurisdiction or less authority to act because it was the Referee who first dismissed the proceeding, and his action in so doing is brought before the District Court for review.

We think the Referee was fully justified in dismissing the Chapter 12 proceeding. After many hearings and much bickering extending over a period of nearly twenty months, it was apparent that the parties to the proposed sale were unable to agree as to the property to be conveyed by such sale. The Referee stated he was unable to foresee any agreement in the future.

Arrangements under Chapter 12 of the Bankruptcy Act are quite unlike ordinary proceedings in bankruptcy which result in a liquidation of the estate. The purpose of Chapter 12 is to provide relief for the debtor so he can pay his creditors over a period of time while retaining his property. But in the

---

1. The Referee's finding of fact 19 states: "That on June 22, 1960, pursuant to stipulation between the parties the court amended the offer to purchase to provide for an additional semi-annual payment in the amount of $300."

case at bar, an intolerable situation developed. An impasse had been reached. The offer which the Referee first approved was so indefinite in its terms as to boundaries that it could not have been specifically enforced.

It has been held that the discretion of a bankruptcy court to set aside a sale will not be interfered with absent an abuse of discretion. In Re Shea, 1 Cir., 126 F. 153, 156; In Re Hagerstown Silk Co., 4 Cir., 69 F.2d 790, 792. We hold in the case at bar there was no abuse of discretion.

The order of the District Court confirming the order of the Referee in Bankruptcy in dismissing the Chapter 12 proceeding is

Affirmed.