**Veda Jakovljevich and Stanley Jakovljevich, a/k/a Stanimir Jakovljevich, Individually, and as Beneficiaries Under Cosmopolitan National Bank of Chicago, Trust No. 4450, Plaintiffs-Appellants, v. Riccardo Alvarez, Defendant-Appellee.**

Gen. No. 52,438.

First District, Fourth Division.

July 30, 1969.

302

Richard E. Mansfield, Jr. and John J. Piccione, of Chicago (Katz, Karacic & Mansfield, of counsel), for appellants.

Edward M. Platt, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal from a judgment that dismissed the cause of action after finding the fourth amended complaint insufficient for the reason that plaintiffs, as beneficiaries of a land trust, had no right to maintain an action for unpaid rent. The undisputed facts are set out below, along with specific references to provisions contained in relevant written instruments.

By trust agreement in 1955, a land trust was created with Cosmopolitan National Bank of Chicago as trustee and Stanley and Veda Jakovljevich as beneficiaries. The real estate concerned in this appeal was conveyed to Cosmopolitan by the same instrument.

On August 23, 1963, plaintiff Veda Jakovljevich executed with defendant a lease of the property which contained the following clause describing the parties thereto:

> THIS INDENTURE, made this 23rd day of August, A. D. One Thousand Nine Hundred and Sixty-Three between Cosmopolitan National Bank as Trustee U/T No. 4450 hereinafter called Lessor, and Riccardo Alvarez, hereinafter called Lessee.

It was signed for the lessor by "Veda Jakovljevich, Agent and Beneficiary of Trust No. 4450." This original lease commenced on September 1, 1963, and was to expire August 31, 1964, with a yearly rental of $2,400, payable in advance in equal monthly installments of $200. It was also stated in the lease that "Lessee shall pay to Lessor, at the office of Stanley Jakovljevich" the month-

303

ly rent, and, in practice, it resulted that defendant did pay rent directly to the plaintiffs.

Executed simultaneously with the lease was a rider granting defendant an option to renew the lease for an additional three years commencing September 1, 1964, at the same rental provided defendant made certain repairs, and, if defendant was unable to make the repairs, then at a monthly rental of $325. Defendant, who conducted a retail shoe business on the premises, on May 26, 1964, exercised his option under the rider by directing a letter to Stanley Jakovljevich notifying him that he would extend the lease and make the necessary repairs.

On April 16, 1965, Veda and Stanley Jakovljevich, by their attorney, directed a letter to defendant proposing a modification of the lease and rider "between yourself and the Cosmopolitan National Bank, as Trustee under Trust No. 4450, the beneficiaries of which are Stanley and Veda Jakovljevich," to the extent that defendant would be relieved of his obligation to make repairs but would pay, instead, a monthly sum of $300 commencing January 1, 1965, for the remainder of the term. This lease modification letter (which was agreed to by defendant) was signed by the Jakovljeviches without description of their capacity in signing, other than the language in the letter itself (quoted above in this paragraph), referring to the trustee bank as the lessor.

Defendant paid the $300 monthly sum directly to the Jakovljeviches from January to December, 1965. During the latter month, defendant abandoned the premises and moved his business to a new location. Since that time, no rent has been paid by defendant.

Plaintiffs, as beneficiaries of the trust,[1] have attempted to sue defendant, as tenant, for the unpaid rent, and

[1] The trust agreement contains many provisions, most of which have been customarily employed for many decades in the creation of an Illinois land trust. The parties to this appeal have directed our attention to the following parts of the agreement:

304

defendant questions their authority to bring the action in that capacity since the trustee was designated as lessor

The following named persons shall be entitled to the earnings, avails and proceeds of said real estate according to the respective interests herein set forth, to-wit:

STANIMIR JAKOVLJEVICH and VEDA JAKOVLJEVICH, his wife, not as Tenants in Common but as Joint Tenants, with right of survivorship. Subject to an outstanding Assignment of Beneficial interest to the COSMOPOLITAN NATIONAL BANK OF CHICAGO.

## RESULTING FROM ASSIGNMENTS.

IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said real estate and to manage and control said real estate as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said real estate, and that such right in the avails of said real estate shall be deemed to be personal property, and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall, except as herein otherwise specifically provided, pass to his or her executor or administrator, and not to his or her heirs at law; and that no beneficiary now has, and that no beneficiary hereunder at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable, but only an interest in the earnings, avails and proceeds as aforesaid. . . .

. . . . . .

The beneficiary or beneficiaries hereunder shall in his, her or their own right have the full management of said property and control of the selling, renting and handling thereof, and any beneficiary or his or her agent shall collect and handle the rents, earnings, avails and proceeds thereof, and said Trustee shall have no duty in respect to the management or control of said property or in respect to the payment of taxes or assessments, or in respect to insurance, litigation or otherwise, except on written direction as hereinabove provided, and after the payment to it all moneys necessary to carry out said instructions. No beneficiary here-

305

in the lease. So far as we know, this specific issue has not previously been presented for review in this state, although Illinois courts have decided many cases relating to the rights of beneficiaries under a land trust. Thus, it was held in Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank, 300 Ill App 329, 20 NE2d 992, that a judgment against a land trust beneficiary did not constitute a lien against the real estate, since the interest of such a beneficiary is a personal property interest. In Schneider v. Pioneer Trust & Savings Bank, 26 Ill App 2d 463, 168 NE2d 808, the court held that a beneficiary did not have the authority to accept an offer to purchase the real estate, since only the trustee had power to deal with the title. It has been stated that the trustee under a land trust, and not the beneficiary, is the proper party to bring a forcible detainer action. Liberty Nat. Bank of Chicago v. Kosterlitz, 329 Ill App 244, 67 NE2d 876. It has been recognized that the trustee has full title to the real estate, both legal and equitable, and that a federal tax lien against a beneficiary did not attach to the real estate of a land trust. Chicago Federal Savings & Loan Ass'n v. Cacciatore, 33 Ill App2d 131, 178 NE2d 888, affirmed 25 Ill2d 535, 185 NE2d 670.

under shall have any authority to contract for or in the name of the Trustee or to bind the Trustee personally.

. . . . . .

It is understood and agreed by the parties hereto and by any person who may hereafter become a party hereto, or a beneficiary hereunder, that said Cosmopolitan National Bank of Chicago will (subject to the rights of the Trustee as aforesaid) deal with said property only when authorized to do so in writing and that it will (notwithstanding any change in the beneficiary or beneficiaries hereunder, unless otherwise directed in writing by the beneficiaries) on the written direction of

Stanimir Jakovljevich, Veda Jakovljevich, and the Cosmopolitan National Bank of Chicago.

Resulting from Assignments.

See, also, Seno v. Franke, 20 Ill2d 70, 169 NE2d 335; Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank, 300 Ill App 329, 20 NE2d 992; and Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 176 NE2d 659.

Plaintiffs, as beneficiaries, ask this court to allow them to sue defendant for rents due under a lease agreement signed by one of them as "Agent and Beneficiary of Trust No. 4450." They advance the arguments that they had leased the property to defendant in their own behalf; and, further, that the specific designation (in the lease agreement) of the trustee bank as lessor, and the execution by one of the plaintiffs as agent, should not be controlling. Both contentions must be rejected.

There is nothing of substance to support plaintiffs' theory that Veda Jakovljevich executed the lease agreement on behalf of the beneficiaries. Plaintiffs contend that when she signed the lease, "Agent and Beneficiary of Trust No. 4450," she was acting as agent of the other beneficiary, Stanley Jakovljevich, and in her own behalf as beneficiary, and not as agent of the trustee, Cosmopolitan. Such a construction becomes unacceptable when the lease agreement is read in its entirety, as it must be. The introductory clause of the indenture states that the parties to the lease are Cosmopolitan, as lessor, and defendant, as lessee. Therefore, we are persuaded that the agency recited in Veda Jakovljevich's execution of the lease must be considered as that relationship which she thereby claimed existed between her as beneficiary and the lessor under the lease, the latter being very carefully described as the bank "as Trustee U/T No. 4450." Furthermore, the lease agreement does not mention the beneficiaries by name nor refer to them as beneficiaries of the trust, except in two instances. One such instance is in the execution clause to which we have just made reference. The other is in regard to the payment of rent, providing that it should be paid "to *Lessor*

at the office of Stanley Jakovljevich." (Emphasis supplied.) Thus, plaintiffs' contention that their capacity as lessors was evidenced by the fact that defendant attorned to them through his payment of rent, is without merit since they were expressly designated in the lease as agents for the collection of rent on behalf of the lessor. We conclude that this lease agreement is a contract between two parties, the lessor, Cosmopolitan, and the lessee, defendant.

The basic issue whether a beneficiary can maintain an action for rent is therefore limited in the instant case to the situation where the beneficiary is not a party to the lease. It may well be that when a landlord-tenant relationship is established between a beneficiary as landlord and a tenant, the beneficiary may then sue for unpaid rent, since this result would be "more in line with the principles of land trusts as established by the decisions of the Illinois Courts and, by implication, contrary to the OPA cases (Liberty Nat. Bank, supra) . . . ." Land Trusts, ed Henry W. Kenoe, Chicago Bar Association, 1967.[2] Since, however, we have found that that situation does not exist in the case before us, we do not consider ourselves bound by the Illinois cases which have upheld the right of a beneficiary-lessor to maintain an action for rent. E. G., Bellows v. Ziv, 38 Ill App2d 342, 187 NE2d 265.

We conclude that the trustee bank, as lessor, is the only party entitled to bring an action for unpaid rent in this case.

Plaintiffs maintain that the letter dated April 16, 1965, written by plaintiffs' attorney and accepted by plaintiffs in their own behalf and also by defendant, constituted a valid contract establishing the plaintiffs' right to sue defendant for rent. This document, however,

---

[2] Continuing, the article states at page 26:

If a lease is made by and in the name of the trustee as lessor, then the trustee is the proper party to sue for the rent.

308

was not intended to supplant the lease agreement, but merely to modify one of its terms.[3] In so doing, it specifically referred to the trustee bank as a party to the lease, and said nothing from which it could reasonably be understood that the letter constituted a novation, which, in any event, would have required the consent of the original lessor. Becker v. Dvorson, 28 Ill App2d 174, 171 NE2d 86; Karraker v. Eddleman, 101 Ill App 23. Nor has it been established that defendant, in accepting the modification, regarded the Jakovljeviches as anything but continuing agents for the original lessor. In our opinion, the letter agreement of April 16, 1965, did not restructure the composition of the parties to the lease.

Defendant also raises the issue that because the trust agreement referred to an assignment of plaintiffs' beneficial interest to the bank,[4] plaintiffs had assigned to the bank, as pledgee, any right they might have had to maintain an action for rent. While we think that the instrument is not clear as to the significance of this reference, it is of no consequence to our decision, as the proper plaintiff in this action is determined by the lease and not by the trust agreement.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER, P. J. and STAMOS, J., concur.

[3] The letter states in pertinent part:

"2. That said store lease and rider attached thereto is modified to the extent that you are under no obligation to make any repairs whatsoever on the premises as set forth in said lease in consideration for which you will pay the rental of Three Hundred Dollars ($300.00) per month commencing January 1, 1965, to the balance of the time under the lease."

[4] See the first and last paragraphs of the trust agreement quoted in footnote 1, above.