GENEVIEVE L. STOXEN, Plaintiff-Appellant, *v.* PAUL STOXEN, Executor of the Estate of ROY C. STOXEN, Deceased, *et al.,* Defendants-Appellees.

(No. 71-199; )

Second District—July 11, 1972.

George D. Carbary and Gene Nottolini, both of Carbary, Carbary & Chapski, of Elgin, for appellant.

Geister, Schnell, Richards & Brown, of Elgin, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This appeal arises from an order striking the plaintiff's amended complaint for failure to state a cause of action.

Plaintiff and deceased, Roy C. Stoxen, were married in August, 1924. In November, 1949, they separated but were never divorced. On January 13, 1970, Stoxen expired leaving a will which was admitted to probate. The will, except for a small charitable gift, named two defendants as the only legatees: Ida Basile, his housekeeper, and Charles Basile, her son, "who has resided in my (Stoxen) household for more than twenty (20) years and who I have considered and treated as a son."

While separated from his wife, Stoxen, on October 2, 1953, purchased certain real estate and had title conveyed to the Chicago Title & Trust Co., as trustee, under a land trust naming himself as sole beneficiary. On June 6, 1962, the trust was amended to provide that upon his death, the beneficial interest was to vest equally in his brother and three sisters. The trust was again amended on January 6, 1970, by deleting the names of his brother and sisters and substituting the named defendants with the proviso that they were to take the beneficial interest as joint-tenants. It was not until after the death of Stoxen that plaintiff became aware of the land trust and filed her complaint.

The amended complaint, in addition to a portion of the facts related, alleged "that the decedent intentionally placed the title to said real estate in a land trust in order to defraud his wife * * * of any marital interest she would acquire by reason of her dower interest or any statutory interest relating to a surviving spouse * * *." It then prayed that the executor be ordered to include the value of the property held in trust in the inventory; that the conveyance to the trustee be declared null and void; that the named defendants be divested of any equitable benefits; and, that the original interest of the deceased in the property be granted to the plaintiff just as if there had never been a conveyance to the trustee.

Defendants moved to strike the amended complaint as being insufficient to state a cause of action. The motion related that the conduct of the decedent in establishing the land trust during coveture was neither a fraud on the marital rights of the plaintiff nor fraudulent *per se* and, therefore, it was necessary that the amended complaint allege the necessary elements of fraud which it failed to do. The motion was allowed and this appeal followed.

██ Land trusts seem to have their origin in Illinois [1] and only recently has their use extended to other states.[2] In Illinois, the beneficial interest under a land trust is not real property but personal property, *In re Estate of Peters* (1966), 34 Ill.2d 536, 539, and dower does not apply to personal property, *Clark v. Hanson* (1926), 320 Ill. 480. Therefore, that portion of plaintiff's complaint claiming a dower interest in the land trust we find, as a matter of law, to be without merit. As a corollary we note that the Legislature has recently changed the public policy as it relates to dower. (See, Ill. Rev. Stat. 1971, ch. 3, sec. 18, effective January 1, 1972.) The judgment striking that portion of the complaint was correct.

██ It is argued by the defendants that the complaint fails to state a cause of action for fraud. We have recently stated the necessary factual elements to be alleged in a complaint based upon the common law action of fraud, (see, *Aurora Tower Finance Corp. v. Cervantes* (1971), 1 Ill.App.3d 208, 211) and defendants are correct in their claim that these elements are not here pled. However, the fraud attempted to be reached by the plaintiff is not the type of fraud founded upon misrepresentation, but rather one based upon a statutory right where the type is presumed, as a matter of law, when certain conveyances occur, *e.g.,* conveyances to avoid creditors (Ill. Rev. Stat. 1969, ch. 59, sec. 4 & 6; *Till v. Till* (1967), 87 Ill.App.2d 358) or, by analogy, conveyances to avoid inheritance tax. (Ill. Rev. Stat. 1969, ch. 120, sec. 375(3).) Here, it is claimed, the conveyance was to avoid the statutory share plaintiff would receive upon renouncing the will (Ill. Rev. Stat. 1969, ch. 3, sec. 16), and it was unnecessary to allege the elements of a common law action for fraud.

For the reasons stated, the judgment of the trial court striking that portion of the amended complaint as it relates to the dower interest of the plaintiff is affirmed and the balance of the judgment is hereby reversed and remanded for a hearing on the merits.

Affirmed in part; reversed in part and remanded.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.

---

[1] Garrett, Land Trusts, 1955 U. Ill. L. Forum, 655.

[2] Note, Illinois Land Trusts, 18 DePaul L. Rev. 875, 876 (1969).